# CASES DETERMINED

32 605
75 66
32 605
93 462

AT THE

## *June Term, 1873.*

---

'BURNS, Adm'x, vs. THE TOWN OF ELBA.

HIGHWAYS AND BRIDGES. (1, 2) *Liability of town for injuries caused by defects.*
COURT AND JURY. (3) *When questions of negligence for the jury.*
ERROR. (4, 5) *When refusal of correct instructions not fatal error.*

1. With certain qualifications (not applicable to this case), the duty of a town to keep its highways in proper repair is absolute; and if it fails to do so, and one passing over a highway, in the exercise of proper care, receives injuries in person or property in consequence of its insufficiency, the town is liable to him therefor (R. S., ch. 19, sec.120); or, if such injuries to his person cause his death, is liable to his personal representatives, under R. S., ch. 135, secs. 12 and 13.

2. Such town cannot throw the responsibility upon its officers, although in certain cases it may have a remedy against them; neither can it shield itself by the plea that it had no means at command with which to keep its highways in repair.

3. In an action for injuries alleged to have been sustained by plaintiff's decedent, in consequence of the insufficiency of the highway, causing his death, where the questions whether the highway was sufficient, and whether the deceased was guilty of contributory negligence, required the determination of several questions of fact as to which there was conflicting evidence, *held*, that the issues were properly left to the jury. *Houfe v. The Town of Fulton*, 29 Wis., 296; and *Wheeler v. Westport*, 30 Wis., 392, as to this point, approved and followed.

4. The court having instructed the jury that if the fact that the deceased was intoxicated at the time of the injury was established to their

satisfaction, this would throw the burden of proof on the plaintiff to show that deceased exercised ordinary care and prudence, it was not error to refuse instructions asked by defendant to the effect that if the deceased, at the time of the accident, " was so intoxicated as to be incapable of carefully conducting himself and his team," the plaintiff could not recover.

5. A judgment will not be reversed for the refusal of an instruction which is a mere truism, such as every jury must be presumed to have known and acted upon.

APPEAL from the Circuit Court for *Dodge* County.

As John Burns, the plaintiff's intestate, was driving his team and wagon along a public highway in the defendant town, on the evening of July 5th, 1869, the wagon was turned over, and *Burns* was thereby killed. The plaintiff, who is the widow, and the administratrix of the estate of the deceased, brought this action to recover damages therefor, alleging that the accident was caused by the insufficiency of the highway at the point where her intestate was killed.

It appears from the evidence, that at this point the highway (which runs north and south) crosses a small stream obliquely thereto, over which a bridge, six planks in width, was constructed about a month before the accident. The planks of the bridge were eleven feet long, but were laid parallel with the stream and obliquely to the highway; so that, measured perpendicularly to the highway, the bridge was only eight or nine feet wide, and was without guards. From the north side of the bridge, an embankment or grade, extending some distance north, and being from eight to ten feet wide, had been thrown up for a road way. On the east side of this grade a log, from nine to fifteen inches in diameter and fourteen feet long, had been placed, the south end of which rested on the north abutment of the bridge. The bridge was raised about two feet above the surface of the ground below. Previous to the accident a portion of the travel on that highway turned from the embankment east, near the north end of the log, and made a

wagon track between the grade and the fence on the east side of the road, and a portion of the travel had kept on the grade. It seems, however, that at the time of the accident and immediately before, the most of the travel there was in the east track.

At nine or ten o'clock in the evening, the night being quite dark, the deceased drove along such highway from the north towards the bridge, having three of his children in the wagon with him. He took the side track, but seems to have driven a little to the east of it and quite near to the fence. Passing, a few feet, the point where he should have driven upon the grade, he attempted to do so, but the left forward wheel of the wagon struck the outside of such log from two to four feet from the north end thereof. The wheel did not run over the log but rubbed along the outside of it until it reached the south end, when it ran off the abutment on which the log rested; the wagon was upset, and Burns was caught under it and killed.

There was no difficulty in driving along the grade, although it is probable that the east or side track was the smoother and better one; neither was there any difficulty in driving from the side track to the grade at any point before reaching the log. The testimony tends to show that the deceased had a gentle team, that he was driving on a walk when the accident happened and immediately before, and that he attempted to get his wagon over the log, reining his team to the west for that purpose, but was prevented by the narrowness of the grade and the close proximity of the bridge. When the wheel of the wagon struck the log the team partly halted, and the deceased urged them forward. The deceased was familiar with the road at the place where he was killed, and travelled over it on the morning of the day of his death.

There is considerable testimony tending to show that the deceased was greatly intoxicated a short time before he was killed; but on this point the testimony was quite conflicting.

It further appears that the deceased was thirty-five years of age at the time of his death; that he was industrious and attended well to his business when sober, but was somewhat intemperate; and that he left six children ranging from two to thirteen years of age. He left but very little property, and the children are dependent upon their mother for their support. A motion for a nonsuit, made by defendant at the close of the plaintiff's case, was denied. The instructions given to the jury, and proposed instructions which the court refused to give, are sufficiently stated in the opinion. The jury found for the plaintiff, and assessed her damages at $2,500; and the defendant town appeal from a judgment against it, entered pursuant to the verdict.

*Enos & Hall*, for appellant:

1. The evidence for the plaintiff showed clearly that the deceased came to his death by his own negligence. *Achtenhagen v. City of Watertown*, 18 Wis., 331; *Rothe v. Mil. & St. P. Railway Co.*, 21 Wis., 256; *Nicks v. Town of Marshall*, 24 Wis., 139. The deviation by deceased from the worked portion of the road was negligence. *Rice v. Montpelier*, 19 Vt., 470; *Tisdale v. Norton*, 8 Met., 388; Angell on Highw. (2nd ed.), 340. The town is not required to keep the whole width of the highway in a condition passable for teams. *Seward v. The Town of Milford*, 21 Wis., 485; Angell on Highw., §§ 260, 261. 2. This action is founded upon the statute, R. S., ch. 135, sec. 12; Tay. Stats., 1574, § 12. To maintain it, a wrongful act, neglect or default of the defendant, i. e., a tort, must be shown. The town itself, being a *quasi* corporation, cannot commit a tort. The duty of keeping highways in repair is not imposed upon the town, but upon certain officers; and it is not shown in this case that they have not properly and judiciously expended all the highway labor and money at their command, or that they have been guilty of any wrongful act, neglect or default which would make the town liable. *Woodward v. Ch. & N. W. R'y Co.*, 23 Wis., 400; *Norton v. Peck*, 3 id., 714; Dillon on Mun. Corp.

§§ 761, 762, 764, 785, 789 and notes; *Ward v. Town of Jefferson*, 24 Wis., 342; Tay. Stats., pp. 477, 479, and §§ 156, 157, p. 513. 3. It was error to refuse the instructions asked by defendant, in respect to the intoxication of deceased. *Butterfield v. Forrester*, 11 East, 60; *Davis v. Dudley*, 4 Allen, 557; *Cassedy v. Stockbridge*, 21 Vt., 391; *Nicks v. Town of Marshall*, 24 Wis., 139.

*E. E. Chapin*, for respondent:

1. Travelers are required to exercise only ordinary care. *Seward v. Town of Milford*, 21 Wis., 485; *Dreher v. Town of Fitchburg*, 22 id., 675. 2. The question of negligence is one for the jury to determine from the facts proved, under proper instructions from the court. *Langhoff v. Mil. & P. du C. R'y Co.*, 19 Wis., 489; *Wheeler v. Town of Westport*, 30 id., 392; *Houfe v. Town of Fulton*, 29 id., 296. 3. The instruction asked by defendant was not warranted by the evidence, and the refusal of the court to give it was not error. 14 Wis., 28; id., 49. 4. All the questions of fact were fairly submitted to the jury; and the testimony being conflicting, the verdict will not be disturbed (6 Wis., 319; 11 id., 283; 12 id., 628; 13 id., 104, 175, 617; 18 id., 594; 25 id., 55; Dillon on Mun. Corp., §§ 788, 789, 790 and notes); especially when the bill of exceptions does not purport to contain all the evidence. 19 Wis., 136; 23 id., 374. 5. The action will lie against the defendant as a body corporate. Tay. Stats., 350, § 5; 513, § 156; 1574, §§ 12, 13.

LYON, J. This action is founded upon the following provisions of the statutes:

"If any damage shall happen to any person, his team, carriage or other property, by reason of the insufficiency or want of repairs of any bridge or sluiceway or road, in any town in this state, the person sustaining such damages shall have a right to sue for and recover the same against such town, in any court having jurisdiction thereof." Tay. Stats., 513, § 156; R. S., ch. 19, sec. 120.

" Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damage in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured. * * * Every such action shall be brought by and in the name of the personal representative of such deceased person." Tay. Stats., 1574, §§ 12 and 13; R. S., ch. 135, secs. 12 and 13.

I. It is contended by the learned counsel for the defendant that the statute last quoted is not applicable to this case, and that the action cannot be maintained by the plaintiff. If rightly understood, the argument is, that a town cannot commit a tort,— that the statute does not base an action like this upon the neglect or default of the town or its officers,— that the law imposes upon the supervisors and the overseers of highways the duty of keeping the highways of the town in repair, and that, in the absence of proof that those officers have failed to apply the money and labor at their command for that purpose, properly and judiciously, to keep such highways in repair, it cannot justly be said that an injury caused by the insufficiency of a highway, was caused by the wrongful act, neglect or default of the town. It seems to us that this argument is unsound. With certain recognized qualifications, which do not figure in this case, the duty of a town to keep its highways in proper repair is absolute and unconditional. *Ward v. The Town of Jefferson*, 24 Wis., 342. If it fails to do so, and any of the injuries specified in the statute result, it is liable for such injuries. It cannot throw the responsibility upon its officers, although in certain cases it may have a remedy over against them; neither can it shield itself by the plea that it had no means at command with which to keep its highways in repair.

The *gravamen* of this action is the alleged wrongful neglect of the town of *Elba* to keep the highway in repair at the place where the deceased was killed.   Had he, while in the exercise of proper care, been injured but not killed, in consequence of the insufficiency of the highway, there could be no doubt of his right to maintain an action against the town for such injuries.   But, he having been killed, the statute, in unmistakable terms, gives to his personal representative a right of action for the same cause.

II.   The next position assumed by counsel for the defendant is, that the evidence shows conclusively that the deceased failed to exercise proper care and caution to avoid the accident — that he was guilty of negligence which contributed to his death; and that the circuit court should, therefore, have nonsuited the plaintiff.

But we do not find in the testimony that clear and convincing proof of the existence of such contributory negligence which would have justified the court in taking the case from the jury.   The presence or absence of such negligence involved the consideration and determination of many questions of fact, such as the condition of the highway, the darkness of the night, the speed at which the deceased was driving, the disposition of his team, and the condition of the deceased — whether he was intoxicated, and, if so, the extent of such intoxication.   Upon some of these questions the testimony is conflicting; and it was peculiarly the province of the jury to determine them from the testimony.   We find no controlling, undisputed facts in the case, which are sufficient, without regard to other and disputed questions of fact, to enable the court to say that the deceased was guilty of negligence which contributed to his death. We think, therefore, that the circuit court did not err in submitting this question to the jury to be determined by them upon due consideration of all the testimony in the case.

This court has recently had this subject under consideration in the cases of *Houfe v. The Town of Fulton*, 29 Wis., 296, and

*Wheeler v. The Town of Westport,* 30 id., 392. The views expressed by the chief justice in his opinions in those cases are entirely applicable to this case. It is sufficient to refer to those opinions, without discussing the subject farther here. They contain a full, and it is believed a correct exposition of the law on the question under consideration, and are conclusive against the position sought to be maintained on behalf of the defendant.

III. The question of the sufficiency of the highway was also, and for like reasons, properly submitted to the jury. Indeed, it is not understood that this proposition is controverted by the defendant, and there is no necessity for any extended remarks on the subject.

IV. The charge of the court to the jury contains a very full, clear and accurate statement of the law of the case, and no exception thereto was taken. A single instruction was asked on behalf of the defendant and refused. The defendant duly excepted to such refusal. That instruction is as follows: " If the jury find from the evidence that the deceased, John Burns, at the time of his death, was so intoxicated as to be incapable of carefully conducting himself and his team, then the plaintiff in this action cannot recover." This seems to be an assertion of a self-evident proposition. The court was asked in effect to tell the jury that if the deceased was incapable of doing a certain thing, they could not find that he did do it. Was it necessary to make so palpable a truism the subject of a formal instruction? It is not easy to perceive how the refusal to do so could possibly have prejudiced the defendant. Is there any good reason to believe, or even to suspect, that, because of such refusal, the jury may have found that the deceased exercised proper care to avoid the accident, and at the same time also found that he was entirely incapable of doing so? The jury must have found that the deceased was in the exercise of proper care when he was killed; and that negatives the hy-

pothesis upon which the proposed instruction is based, and renders it inapplicable to the case.

It is due to the learned circuit judge to state what he did say to the jury on the subject of the alleged intoxication of the deceased. His language was as follows:

" Where the testimony establishes a clear case of injury arising from the negligence of the defendant, and nothing in the testimony tends to show that the decedent failed to exercise ordinary care and prudence, the jury would be warranted in finding that there was no want of proper care and prudence upon his part; but if the fact is established to your satisfaction that he was intoxicated at the time of the injury, that in and of itself would throw the burden of proof upon the plaintiff to show that the decedent did exercise ordinary care and prudence."

This was saying, in substance and effect, that if the deceased was intoxicated at the time of his death, such fact, without regard to the degree of intoxication, was *prima facie* evidence of want of ordinary care on his part, which the plaintiff must rebut by other proofs, or she could not recover. As a matter of course, had the jury found that he was intoxicated to that degree that he was incapable of exercising ordinary care to avoid the injury, they would not have found that the presumption of negligence on his part arising from his condition had been successfully rebutted, but would have returned a verdict for the defendant.

It seems to us that there is nothing in the charge of the court, and nothing omitted therefrom, relating to the alleged intoxication of the deceased, of which the defendant can justly complain.

*By the Court.*— The judgment of the circuit court must be affirmed.

A motion for a rehearing was denied at the June term, 1873.