Mutcha vs. Pierce.

We think the order of the circuit court was correct and must be affirmed.

*By the Court.*— Order affirmed.

LYON, J., took no part.

MUTCHA vs. PIERCE.

*April 2 — April 20, 1880.*

*Declarations as parts of res gestæ.*

In an action for injuries to the plaintiff's minor son from defendant's negligent handling of a pistol, a declaration of the son, made after the wound had been dressed and he had taken his seat in a buggy to be conveyed home, to the effect that defendant was not to blame, is not receivable as evidence in chief, being no part of the *res gestæ*.

APPEAL from the Circuit Court for *Racine* County.

Defendant appealed from a judgment of the circuit court reversing a judgment rendered in his favor by the justice before whom the action was commenced. The nature of the action, and the ground of reversal, will appear from the opinion.

*A. C. Fish,* for the appellant, contended that the evidence in dispute was admissible on two grounds: 1. As a part of the *res gestæ.* 1 Greenl., § 108 and notes 1 and 2; PARK, J., in *Rawson v. Haigh,* 2 Bing., 99; 1 Phillipps on Ev., 205; 1 Starkie on Ev., 47; *Rex v. Smyth,* 5 Carr. & P., 201; Stephen's Dig. Law of Ev., 44, note 2, and authorities there cited. 2. As an admission of a party not of record. 1 Greenl., § 180 and note 6, and authorities there cited. "In an action by a father for the loss of the life of the son, the declarations of the son after the injury as to the cause are admissible against the father." *Stearn v. R. R. Co.,* 7 Leg. Gaz.

*John B. Winslow,* for the respondent, argued that the *res*

*gestæ* do not include mere subsequent narrative; and that the statements of plaintiff's son here in question did not even rise to the dignity of narrative, but were a mere expression of opinion by one not a party to the action. *Holmes v. Anderson*, 18 Barb., 420; *Elton v. Larkins*, 5 Carr. & Payne, 385; 1 Greenl. Ev., § 449; *Sorenson v. Dundas*, 42 Wis., 642.

TAYLOR, J.    This action was commenced in a justice's court to recover damages which the plaintiff claims to have suffered by reason of an injury inflicted upon his minor son by the careless and negligent acts of the defendant. In the justice's court the defendant had judgment in his favor. The plaintiff appealed to the circuit court, and, not having made the necessary affidavit to entitle him to a new trial in that court, the case was heard upon the return of the justice, and the circuit court reversed the judgment on the ground that the justice erred in permitting the defendant to put the following question to the witness Adam Mutcha, the son of the plaintiff, and the person who had been injured: "What did you say to James Smith when you were in the buggy, ready to go home, in reply to his question as to who was to blame?" to which the witness answered, "Nothing; did not say anything to him;" and in afterwards permitting the defendant, as a witness on his own behalf, to answer the following question, against the plaintiff's objection: "What did Adam Mutcha say to James Smith when he was going home in the carriage?" *Answer*. "He did not say that I was to blame. James Smith asked him about it, and he said I was not to blame for it." James Smith, as a witness for the defendant, was also permitted to testify as to what the witness Mutcha said to him, as follows: "I asked him if it pained him any. He said it did not. I asked him if *William Pierce* was to blame, and he said no; that he gave *Mr. Pierce* the revolver to turn the cylinder; he wanted to shoot some hell-divers."

The injury to the son of the plaintiff was occasioned by the

Mutcha vs. Pierce.

discharge of a revolver in the hands of the defendant, *Pierce*. The evidence shows, and it is undisputed, that the son of the plaintiff came to a stable where the defendant was, handed him a revolver, and asked him to turn the cylinder so he could shoot some birds in the river near by; that defendant took the revolver and turned the cylinder; and that while he was turning the same it was discharged, and the ball struck the plaintiff's son, and injured him so that he was unable to perform his usual work for some weeks thereafter. The only questions in the case were the negligence of the defendant, and the contributory negligence of the plaintiff's son. It will be seen, by an examination of the record, that this evidence as to what the plaintiff's son said to the witness Smith, after the occurrence had passed, was not introduced for the purpose of contradicting the plaintiff's son, and thus to a certain extent impeaching his credibility, but as affirmative evidence of the fact that the defendant was not to blame for the accident; and, unless the evidence was admissible as a part of the *res gestæ*, it should have been rejected, and the circuit court was right in reversing the judgment of the justice.

The evidence shows that the statement, if made at all by the witness Mutcha, was made after the accident occurred, and after his wound had been attended to and dressed by a physician who had been called for that purpose, and after he had taken his seat in a buggy to be carried home. What the exact length of time was between the happening of the accident and the conversation sworn to by the witnesses does not appear. It is insisted by the learned counsel for the appellant, that the evidence was a part of the *res gestæ*, and he cites some cases which give considerable force to the argument. But we are of the opinion that this court has settled the question against the appellant, and it is immaterial, therefore, what rule may have been established by the courts of other states, or of the United States. In *Sorenson v. Dundas*, 42 Wis., 642, this court, in a very brief opinion, says: "Declarations are

verbal parts of the *res gestœ* only when they are contemporaneous. The respondent's narrative, after the occurrrence, belonged no more to the *res gestœ* than his evidence on the trial." If this evidence was admissible for the defendant, as being a part of the *res gestœ*, then it would be equally admissible for the plaintiff; and the result would be that if the young man who was injured, after his wounds had been dressed, had made a detailed narrative of all that took place at the time the accident occurred, such narrative might be given in evidence in favor of plaintiff, as proof of what, in fact, took place at the time of the occurrence. This would clearly be the narrative of the witness after the occurrence, and not admissible under the decision above cited.

The rule laid down in the case above cited was approved in *Prideaux v. Mineral Point*, 43 Wis., 513–522, where it is said: "The *res gestœ* of this accident did not go with the team to the livery stable, but remained in the *locus in quo*, with the injured woman; and the declarations of the driver to the livery man were a subsequent narrative of the *res gestœ*, not admissible in chief, as offered, though admissible, upon proper foundation, to contradict the driver." In the case last cited, what was said by the driver of the carriage which had been turned over and thereby injured the plaintiff, immediately on his return to the stable after the accident, was rejected by the court as inadmissible as a part of the *res gestœ*.

These cases sufficiently show that the evidence given, and which was objected to by the plaintiff in the justice's court, should have been rejected; and the judgment was properly reversed by the circuit court upon the appeal to that court.

*By the Court.*— The judgment of the circuit court is affirmed.