FITZGERALD, Administratrix, vs. THE TOWN OF WESTON.

*April 23 — May 10, 1881.*

*(1) Reversal for misleading instructions.    (2, 3) Declarations as evidence.*

1. In an action for injuries from negligence, if the person injured was, at the time of the injury, intoxicated in any degree, that fact is proper to be considered by the jury in determining the question of contributory negligence; and a judgment for plaintiff is reversed for an instruction to the effect that "the fact of intoxication alone" would not "prove contributory negligence," unless the proof showed such a degree of intoxication that "imbecility would begin to affect" the intoxicated person,— such instruction being regarded as *liable to mislead the jury.*

2. In an action by the widow as administratrix, for injuries to an intestate causing his death, declarations of the plaintiff during her husband's lifetime as to the circumstances of the accident are admissible for the defense to contradict her testimony at the trial, but not for the purpose of proving negligence of the deceased; the plaintiff not having been the party interested adversely to defendant *at the time* of such declarations.

3. Declarations either of the wife or of the deceased himself, made one or two days after the accident, as to the manner in which it occurred, are not admissible for the defense as a part of the *res gestæ*. Whether such declarations of the deceased are admissible on other grounds, not here determined.

APPEAL from the Circuit Court for *Waupaca* County.

The plaintiff, as administratrix, sued to recover damages for injuries to her intestate resulting in his death, alleged to have been caused by a defective highway in the defendant town. The answer alleged that the injury was caused by the negligence of the deceased. The plaintiff had a verdict; a new trial was refused; and defendant appealed from a judgment on the verdict.

The errors alleged, so far as they became important here, will appear from the opinion.

For the appellant there was a brief by *Silverthorn & Hurley*, and oral argument by *Mr. Hurley*.

The cause was submitted for the respondent on the brief of *G. W. Cate*.

COLE, C. J. We are inclined to hold the exception which was taken to that part of the charge in respect to the intoxication of the deceased when he was injured, as well taken. There was testimony which tended to prove that the deceased had been drinking freely on the day of the accident. It was claimed by the defendant town that he was intoxicated on that day, and was driving carelessly and recklessly when he approached the obstruction in the highway. The learned circuit judge at first charged, in substance, that there was evidence as to the deceased being intoxicated at the time he was injured,

which was proper for the jury to consider as bearing upon the question of contributory negligence. The circuit judge then proceeded to say: " But the mere fact of being intoxicated does not of itself prove negligence,— in fact, it may be the peculiar idiosyncrasy of some to have increased prudence with intoxication, though usually the reverse is the case; but I merely say, the fact of intoxication alone does not prove contributory negligence, unless the proof would be to the extent of establishing intoxication to where imbecility would begin to affect the individual."

The criticism which is made on this charge is, that it was equivalent to telling the jury that unless the evidence showed that the deceased was in that extreme state of intoxication which rendered him imbecile, the fact that he was intoxicated had no bearing upon the question of contributory negligence, and need not be considered. It is not clear what the charge does mean, and it is possible the jury may have attached that sense to it. If, indeed, it was so understood, it would convey a wrong impression and mislead; for intoxication in any degree is a fact which may and should be considered on a question of negligence. It is certainly not necessary that a person be so drunk as to be imbecile before his conduct will be affected by his intoxication. It is a common observation that some persons, when slightly under the influence of liquor, are less circumspect and careful than when perfectly sober.

In *Burns v. Town of Elba*, 32 Wis., 605, this court approved the instruction of the trial court, which was to the effect that if it was satisfactorily proven that the deceased was intoxicated at the time of the injury, this fact in and of itself imposed upon the plaintiff the *onus* of showing that the deceased was in the exercise of ordinary care and prudence. That is, according to the doctrine of that case, the jury would be warranted in inferring negligence from the fact of intoxication alone. But the learned circuit judge would seem to hold otherwise, and that the fact of intoxication alone would not

prove contributory negligence, unless there was such a degree of intoxication as to render the deceased imbecile. We think, if the evidence tended to prove that the deceased was intoxicated in any degree at the time of the injury, that circumstance, with the other facts of the case, should have gone to the jury on the question of contributory negligence. It was certainly not essential to state that his intoxication was so great as to render the deceased imbecile, and overcome, for the time being, his powers of body and mind, before it could be taken into account by the jury in determining the question of negligence. And as the charge on this point was liable to mislead, there must be a new trial.

Before taking leave of the case, it may be proper to make a remark or two upon one or two other points discussed by counsel. The town, on the trial, offered in evidence the declarations of the plaintiff, made during the life of her husband, as to how the accident occurred. The court ruled that these declarations were competent only for the purpose of contradicting the testimony given by the plaintiff on the trial, but were not admissible for the purpose of proving the fact of negligence on the part of the deceased. We think the court was entirely right in thus restricting the effect of her declarations. It is claimed by the counsel for the town, that her statements upon this subject were admissible on two grounds: *first*, as a part of the *res gestæ;* and *second*, as being the declarations of the real party in interest. It is obvious that these declarations were not admissible as a part of the *res gestæ*, under the doctrine of *Sorenson v. Dundas*, 42 Wis., 642; *Prideaux v. Mineral Point*, 43 Wis., 513; *Mutcha v. Pierce*, 49 Wis., 231. Nor do we think they were admissible as being made by a party in interest, within the meaning of the rule. When the plaintiff made these declarations, she had no interest in the cause of action against the town by reason of the injury to her husband, caused by a defective highway. It is only in consequence of his death, subsequent to such

declarations, that she has the right of action under the statute. But, as we understand the rule, the declarations, to be admissible, must be against the interest of the person making them *at the time when they were made.* 1 Greenl. Ev., § 147. The plaintiff's declarations, therefore, were not relevant to prove the fact that the injury happened through the negligence of the deceased, but were competent for the purpose of impeaching testimony given by her on the trial.

The declarations of the deceased as to the circumstances attending the accident were also given in evidence by the town, but were afterwards stricken out upon motion of plaintiff's counsel. It is insisted that it was error to exclude these declarations from the consideration of the jury. We are very clear that they were not admissible as a part of the *res gestœ*, under the authorities just cited. See, also, *Insurance Co. v. Mosley*, 8 Wall., 397, where this question, as to what constitutes *res gestœ*, is fully discussed. Whether the declarations of the deceased as to how the accident occurred were admissible upon any other ground, is a question which we have somewhat considered; but, as it was not fully discussed on the argument, it is not decided. There must be a new trial on account of the error in the charge to which we first referred.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.