Seymer, Adm'r, etc. vs. The Town of Lake.

---

SEYMER, Administrator, etc., Respondent, vs. THE TOWN OF LAKE, Appellant.

*September 25 — October 12, 1886.*

NEGLIGENCE: HIGHWAYS. *(1) Intoxication as evidence of contributory negligence: Burden of proof. (2) Defect in highway: Court and jury. (3) Instructions to jury: Inadvertent mistake.*

1. In an action for injuries caused by negligence the intoxication of the plaintiff at the time of the accident is a circumstance to go to the jury upon the question of his contributory negligence, but it is not conclusive upon that question (except, perhaps, where the intoxication was of such a degree as to render him imbecile), nor does it shift the burden of proof.

2. Where the evidence shows that the town authorities had made an excavation along a highway, which at a distance of but two feet from the traveled track was more than two feet deep, and that there was no barrier and no light or other thing to warn travelers of the danger, the court may hold as matter of law that the highway was unsafe for travel.

3. *It seems*, that where by inadvertence the jury are charged that "if the plaintiff was guilty of the slightest degree of ordinary care, and that slight degree of ordinary care contributed to the accident, he cannot recover," such mistake will not be ground for a new trial where, taking the whole charge together, the jury could not have been misled.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion.

*J. C. McKenney*, for the appellant, to the point that an error in an instruction inadvertently committed is not fatal where from the whole charge the jury could not have been

misled by it, cited *Hutchinson v. C. & N. W. R. Co.* 41 Wis. 541; *Greene & Button Co. v. Van Vechten,* 63 id. 16; *Scheike v. Johnson,* 39 id. 384; *Kidd v. Fleek,* 47 id. 443; *Lela v. Domaske,* 48 id. 623; *Kelly v. Houghton,* 59 id. 400; *Dorsey v. P. & C. Const. Co.* 42 id. 583.

For the respondent there was a brief by *Jenkins, Winkler, Fish & Smith,* of counsel, and oral argument by *C. H. Van Alstine.*

TAYLOR, J. This action was brought by the respondent to recover damages of the appellant town for causing the death of the deceased, Adolph Seymer, by its neglect to keep one of its highways in repair. The action was tried by a jury, and, under the instructions of the court, a verdict was rendered in favor of the town. Afterwards, upon motion of the respondent, the circuit court set aside the verdict and ordered a new trial. From the order setting aside the verdict the appellant appeals to this court.

The motion for a new trial was made " upon the record and trial thereof, and the judge's minutes of the rulings and evidence given upon said trial," and for the following reasons: (1) Of misdirection of the court to the jury; (2) that said verdict is contrary to the evidence upon said trial.

The evidence given on the trial shows that the town had excavated on one side of the traveled track of the highway for some distance along such traveled track, several feet in width, and varying from two feet to two and one-third feet deep next the traveled track, it being two and one-third feet deep where the wagon went off the track; that the traveled track along such excavation was within two feet of the side of the excavation in such place; that the deceased and his father were driving along the highway opposite such excavation, with a two-horse wagon loaded with lumber, at about 10 o'clock in the evening; that the wheels of the wagon on the side next the excavation ran off the trav-

eled way into the excavation. The wagon and its load were upset, and the lumber fell on the deceased, and caused his death. The evidence also shows that there was no barrier along said excavation, or any light or other thing to warn persons passing the highway of the dangerous condition of the highway. In the course of the trial there was evidence given tending to show that the father of the deceased, who was driving the team, had been drinking before he left the city, and that he was at the time intoxicated. The evidence on the part of the plaintiff denied this charge, and tended to show that the father of the deceased was sober at the time.

The learned circuit judge instructed the jury as follows:

"Now, it is necessary for travelers to exercise ordinary care — that is, the care which persons of ordinary prudence would exercise — in passing over a road. If the place of the alleged danger is known to the person, then it requires of him the care which a person of ordinary prudence would exercise in passing over the point of alleged danger or defect; and if the plaintiff was guilty of the slightest degree of that ordinary care in the act of passing over it, and that slight degree of ordinary care contributed to the accident, he would not be entitled to recover, notwithstanding the alleged negligence of the defendant, the town.

"The plaintiff had a right to travel upon the highway in question, by day or by night, if he used proper care to avoid injury, notwithstanding he knew of the character of the road and the consequent danger.

"The burden of proving intoxication is upon the defendant who alleges it, and it must be proven to your satisfaction, and that by reason thereof the plaintiff did not exercise such care as a prudent, careful man would exercise with respect to driving upon the road at the time in question.

"If the evidence was such as to establish the fact of the intoxication, then, under the ruling of the supreme court, as I read it, the burden of proof would be upon the plaint-

iff to show that he did exercise the ordinary care which I have alluded to. The law requires of the plaintiff the exercise of ordinary care,— such care as a prudent person would exercise under like circumstances. If he was so using such ordinary care, and the injury occurred by reason of the defective highway, then he is entitled to recover."

To the last part of the first paragraph above quoted the plaintiff duly excepted, and he also excepted to the last part of the third paragraph quoted.

It is alleged by the learned counsel for the appellant that the learned circuit judge set aside the verdict and granted the new trial solely for the reason of his misdirection of the jury in the last part of the first paragraph in using the following language: "And if the plaintiff was guilty of the slightest degree of that ordinary care in the act of passing over it, and that slight degree of ordinary care contributed to the accident, he would not be entitled to recover, notwithstanding the alleged negligence of the defendant, the town." The learned counsel for the appellant insists that the mistake made by the learned circuit judge in the language quoted was not sufficient reason for setting aside the verdict. It is urged, with a good degree of plausibility, that when this language is read in connection with what immediately precedes it, as well as with what follows, it is clear that it could not have prejudiced the plaintiff's case, and the jury could not have been misled by it; that it is evident from the whole paragraph that the court intended to say that, if the plaintiff was guilty of the slightest degree of that *want of* ordinary care, etc., then the town would not be liable; and it would be an impeachment of the intelligence of the jury to say that they were misled by the mistake of the learned judge.

If this were the only defect in the charge of the learned circuit judge, we should be inclined to hold that no new trial should have been granted. The learned judge charged

the jury upon the subject of drunkenness as follows: "If the evidence was such as to establish the fact of intoxication, then, under the ruling of the supreme court, as I read it, the burden of proof would be upon the plaintiff to show that he did exercise the ordinary care which I have alluded to." In this we think the learned circuit judge has misapprehended what this court has said upon that subject.

In the case of *Burns v. Elba*, 32 Wis. 605, Justice Lyon in the opinion quotes the language of the circuit judge in that case, instructing the jury as to the effect which the fact of the intoxication of the deceased should have upon the question of his negligence; and it appears from the quotation made that the circuit judge gave an instruction in the language in which it was given by the learned judge in the case at bar. Mr. Justice Lyon neither approves nor disapproves of the instruction so given, but simply says that "there is nothing in the charge relating to the alleged intoxication of the deceased of which the defendant can justly complain." The plaintiff in that case was not complaining of the instruction, because he had a verdict in his favor; and certainly there was nothing of which the defendant could complain, as the instruction was clearly in its favor.

In the case of *Fitzgerald v. Weston*, 52 Wis. 354, the chief justice in his opinion says: "This court approved the instruction given in the case against the town of Elba." This remark was not necessary to the decision in that case, and was undoubtedly made without a careful consideration of what was decided in the case referred to. The chief justice afterwards, in his opinion, states the true rule as to the effect which evidence of intoxication should have upon the question of negligence on the part of the intoxicated person. He says: "We think that if the evidence tended to prove that the deceased was intoxicated in any degree at the time of the injury, that circumstance, with the other facts of the case, should have gone to the jury on the question of con-

tributory negligence." This undoubtedly states the true rule; and it was, we think, error to state, as the learned circuit judge did, that, "if the evidence was such as to establish the fact of intoxication, then, under the ruling of this court, the burden of proof would be upon the plaintiff to show that he did exercise ordinary care."

In this state, contributory negligence on the part of the plaintiff, in an action to recover damages on account of the negligence of the defendant, is matter of defense, and the want of such contributory negligence need not be negatived by affirmative proof on the part of the plaintiff, in order to entitle him to recover. The burden of proof is therefore on the defendant to prove the contributory negligence, and the fact that he makes proof on the trial, from which the jury may or may not infer there was negligence on the part of the plaintiff, does not cast the burden on the plaintiff to make affirmative proof of his want of negligence. A jury might or might not find the plaintiff guilty of negligence, although they should find he was in some degree intoxicated. It would depend on all the facts surrounding the transaction, and not on that fact alone, and yet, if the rule of law be as stated, proof of intoxication to any extent on the part of the plaintiff would be conclusive of negligence, unless disproved by other evidence on his part. We think the true rule is that stated by the chief justice in the case above cited: "That intoxication in any degree, at the time of the injury, is a circumstance to go to the jury on the question of negligence;" and that it is neither conclusive as to the fact of negligence, nor does it change the burden of proof,— unless it may be conclusive in a case where the intoxication was of such a degree as to render the party imbecile.

The true rule in regard to the effect of intoxication, as bearing on the subject of negligence, is stated in *Cassedy v. Stockbridge*, 21 Vt. 391. In that case the following instruc-

tion was sanctioned: " If the plaintiff, at the time of the accident, was so intoxicated as to be incapable of managing and conducting himself and his team with ordinary care and prudence, then the plaintiff could not be said to be in the use of ordinary care; and, if this want of ordinary care produced or contributed in the slightest degree to produce the injury complained of, the plaintiff was not entitled to recover." The learned court in that case, in regard to the charge given on the subject of intoxication say: " There are different degrees of intoxication, and people may differ widely in their views of what constitutes intoxication. Different individuals may be differently affected by the use of the same quantity of intoxicating drink. Hence it became proper for the court to explain to the jury what degree or amount of intoxication was necessary to deprive the plaintiff of his remedy against the town."

The instruction given by the learned circuit judge in the case at bar was, we think, clearly erroneous, and for that reason alone the verdict was properly set aside.

We are also of the opinion that the learned circuit judge should have instructed the jury, as requested by the plaintiff, that the evidence established the fact that the highway was unsafe for travel at the place where the accident happened, and that there was nothing to leave to the jury upon that part of the case. *Prideaux v. Mineral Point*, 43 Wis. 513, and cases cited in the opinion in that case. That fact was admitted by the learned counsel for the appellant, and he asserts that the only real issue in the case on trial at the circuit was the contributory negligence on the part of the father of the deceased.

We think the order setting aside the verdict and granting a new trial was properly made.

*By the Court.*— The order appealed from is affirmed, and the cause is remanded for a new trial.

See note to this case in 29 N. W. Rep. 557.— REP.