DANIELS, Respondent, vs. TOWN OF MILWAUKEE, Appellant.

*April 5—May 2, 1911.*

*Highways: Defects: Unguarded culvert: Injury to pedestrian: Pleading.*

A complaint stating among other things that town authorities maintained in a highway, alongside the traveled track and between it and a footpath, a deep ditch covered at the crossing of another road by a culvert without railings or guards at the ends, and that plaintiff while walking along the path at night reached such crossing and, swerving to one side, walked along the culvert and stepped off into the ditch without fault or negligence on her part and was injured, is *held*, liberally construed, to state a cause of action against the town.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the briefs of *Lenicheck, Robinson, Fairchild & Boesel.*

*Fred Doering,* for the respondent.

TIMLIN, J.   The complaint averred that in the defendant town there was a public highway known as Twentieth street, and alongside its traveled track for teams, in close proximity thereunto, the town authorities dug and maintained a ditch four feet wide and four feet deep parallel with this highway. Where another road crosses this highway at right angles this ditch is covered by a culvert which is without railings, guards, or other means of protection at the ends, and therefore in a dangerous condition.   This condition existed for a long time and was known to the town.   Plaintiff, a pedestrian, walking north on Twentieth street on a dark, foggy night, walked along the plank on this culvert and off into the ditch on the north end thereof.   She was thereby injured, and she served notice on the town as required by law; also filed with the clerk a written statement of her claim to be laid before the town board of audit within the time required by law, but at the next annual town meeting no action was taken for the allowance of said claim.   The notice served and the claim filed are attached to the complaint as exhibits and made part of the complaint.   A demurrer to this complaint was overruled and the defendant appeals.

It is argued that there is a line of cases which at first view might seem to sustain plaintiff's contention that the town is liable.   Those cases are: *Houfe v. Fulton,* 29 Wis. 296; *Kenworthy v. Ironton,* 41 Wis. 647; *Prideaux v. Mineral Point,* 43 Wis. 513; *Hart v. Red Cedar,* 63 Wis. 634, 24 N. W. 410; *Hein v. Fairchild,* 87 Wis. 258, 58 N. W. 413; *Seymer v. Lake,* 66 Wis. 651, 29 N. W. 554; *Boltz v. Sullivan,* 101 Wis. 608, 77 N. W. 870; *Wells v. Remington,* 118 Wis. 573, 95 N. W. 1094; *Slivitski v. Wien,* 93 Wis. 460, 67 N. W. 730; *Jenewein v. Irving,* 122 Wis. 228, 99 N. W. 346, 903.   It is then sought to distinguish the foregoing cases.

Daniels v. Milwaukee, 146 Wis. 150.

Counsel for appellant misapply or misunderstand the rule of this court that pleadings will be liberally construed to sustain the same. The complaint avers that this ditch is alongside the traveled track for teams and in close proximity thereto and at one point is covered by a culvert. That this ditch extends between the path used by foot passengers and the track traveled by teams. Plaintiff proceeding northward on the path in the dark reached this point, and, swerving to one side, walked along this culvert and stepped off into the ditch without any fault or negligence on her part. This is quite possible. When the evidence is produced, and the degree of darkness and distances and dimensions are more exactly given, and the condition of the traveled track, which is alleged in the complaint to have been at that time impassable to pedestrians, and all the other details of fact are laid before the court, it will then be feasible to determine whether there was any fault on the part of the town or contributory negligence on the part of the plaintiff. It will then be time to apply the cases above cited. To pronounce against the plaintiff on this complaint would be to abandon the rule which requires a pleading to be liberally construed in order to support it. Liberally construed, this complaint states a cause of action.

*By the Court.*—Order affirmed.