JAMES McCORMICK v. ROBERT LOUDEN.[1]

THOMAS BOYLE v. SAME.

May 25, 1896.

Nos. 9964, 9965—(138, 139).

Contract of Employment—Verdict Sustained—Instructions.

Held, that the verdicts were justified by the evidence. Also, that certain instructions to the jury, when construed in the light of the evidence and of the issue between the parties, were not erroneous.

Appeal by defendant in each case from an order of the municipal court of Duluth, Edson, J., denying a motion for a new trial, after a verdict for plaintiff, in the first case for $45, and in the second for $46.50. Affirmed.

H. F. Greene, for appellant.

Fryberger & Johanson, for respondents.

MITCHELL, J. These actions were brought to recover damages for breach of contracts of employment for at least a period of 30 days. The plaintiffs are "log drivers," and their claim was that they were employed by the defendant to work on a drive down the Cloquet river, with a promise or guaranty that the drive would last at least 30 days; that when they had worked about 6 days the defendant

[1] Reported in 67 N. W. 366.

turned over the drive to another party to run through to its destination, and wrongfully discharged the plaintiffs. The defendant's claim was that he never employed the plaintiffs for any particular length of time, although he admits that he told them that the drive would last from 20 to 40 days if the water did not go down so as to prevent him from "driving through." The evidence amply justified verdicts for the plaintiffs.

The only other question is as to the correctness of certain instructions to the jury. After explicitly stating in his general charge that the chief question in the case was whether the defendant employed the plaintiffs for a period of not less than 30 days, and that the burden was on them to prove this by a preponderance of evidence, the judge, at plaintiffs' request, instructed the jury, in substance, as follows: (1) If they find that defendant told the plaintiffs that the job of driving the logs for which they were hired would last at least thirty days, then their verdicts should be for the plaintiffs. (2) That if they found that "the defendant agreed that the job of driving the logs should last at least thirty days," then this verdict should be for the plaintiffs. Both of these instructions were correctly conditioned upon the jury finding that the plaintiffs were ready and willing to proceed with the work, and that they were discharged without cause. While the defendant's counsel excepted to both these instructions, he did not ask for any other or more specific instructions on the subject.

The chief objection urged to the instructions is that they eliminate from the case the element of an agreement between the parties that plaintiffs' employment should last for 30 days, and, in effect, instruct the jury that they should find for the plaintiffs if they found that defendant told the plaintiffs that the job of driving the logs would last 30 days. The instructions are possibly not so carefully worded as they might have been, but we think defendant's construction of them is rather hypercritical, and not well taken. There does not seem to have been any question on the trial but that plaintiffs were hired for the "drive," whether long or short. The only matter as to which the parties disagreed was whether the defendant promised or guarantied as one of the terms of the contract that the drive should last 30 days. Construed in the light of the evidence and of the exact issue between the parties, the expression, "job of driving logs," in the connection in which it was used by the court, could only mean the job

for which the plaintiffs were hired. This is expressed in the first instruction, and, it seems to us, was necessarily implied in the second. What the judge evidently had in mind, and the idea which he intended to convey, was that, if defendant agreed or promised that plaintiffs' employment should last for 30 days, then the verdict should be for the plaintiffs. In fact, under the evidence, a guaranty that the drive would last 30 days would amount to the same thing as a guaranty that plaintiffs' employment should last 30 days. Moreover, if defendant's counsel thought there was any ambiguity in the instructions which was liable to mislead the jury, he ought to have called the court's attention to it, and asked for more specific instructions.

Orders affirmed.