BOLTZ, Respondent, vs. THE TOWN OF SULLIVAN, Appellant.

*December 21, 1898 — January 10, 1899.*

*Highways: Defects outside of traveled way: Notice to town officers: Accidental deviation by traveler: Damages: Instructions to jury: Reading books to jury: Immaterial error.*

While a person in the exercise of ordinary care was driving on a public highway, riding in a roadcart drawn by a single horse, the horse, in order to avoid a mud puddle, or for some other reason, suddenly swerved to the right-hand path, causing the right wheel of the road cart to track outside the traveled part of the way a few inches, and strike a stump which had there existed since the original construction of the road. *Held:*

1. The following instruction to the jury was proper: "If the town officers knew, or by the exercise of ordinary diligence ought to have known, that the stump existed so near the traveled track as to render the highway dangerously defective for the use of travelers in the exercise of ordinary care, and plaintiff in the exercise of such care drove against it and was injured, the town is liable."

2. The character of the defect and the length of time it had existed were entirely immaterial except as clearly covered by the instruction.

3. The defect having existed from the time of the original preparation of the highway for public use, the town was bound to have

Boltz vs. The Town of Sullivan.

known of its existence. Proof of notice to the town officers was not required.

4. The defect not being so far outside the traveled track that a traveler would have been obliged to actually leave such track in order to reach it, it could not be said as a matter of law that it did not render the highway actionably defective.

5. The following instruction was proper: "You are allowed to give such damages for bodily pain and mental anxiety as you believe the plaintiff is justly entitled to recover," in connection with the instruction that, "the damages should be no greater and no less than you believe from the testimony the plaintiff is entitled to receive," the idea being that the assessment of damages should be made solely upon the testimony produced on the trial.

6. The mere accidental deviation from the traveled way, by the swerving of the horse to one side of such way to avoid a mud puddle, or deviation because of the natural inclination of the horse to travel in one of the foot paths instead of on the crown of the road, thereby causing the wheels to run outside the track for a few inches, does not come within the rule that if a person, for his own convenience and without cause, drive outside the way prepared for travel, and thereby reach an obstruction in the road and receive an injury, the municipality is not liable.

7. It is improper for counsel in a case to read law or other books to a jury, and a trial judge ought firmly to prohibit it; but if he fails to do so, the error must be regarded as harmless unless it clearly appear that the objecting party was prejudiced thereby.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Jefferson county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

Action to recover compensation for personal injuries. The evidence, following the allegations of the complaint, showed that plaintiff while traveling on a road in the daytime, in a roadcart drawn by one horse driven by her son, was thrown from the seat upon the dashboard and the left wheel, and seriously injured, by reason of the right wheel of the roadcart striking a small stump that was concealed in the weeds a short distance outside of the right-hand wheel track. The road was an ordinary country turnpike. The tree was cut before the grading was done, and the stump, by the grading,

Boltz vs. The Town of Sullivan.

was partially buried beneath the surface. The weeds grew up around it along the side of the road so that it was not readily observable by a traveler circumstanced as plaintiff was. The controverted questions of fact on the trial were whether the stump was so located as regards the traveled track and of such a character as to constitute an actionable defect in the highway, and whether the town officers were chargeable with knowledge of its existence. There was evidence tending to show that the stump was five or six inches from the right wheel track, was eight inches high, and seven to eight inches in diameter, and there were indications that it had been run over by wagon wheels before. There was evidence tending to show that there was a mudhole in the road near the stump, and that about as the horse arrived at the place of the accident he swerved to the right to avoid the mudhole, thereby running the right wheel out of the wheel track a sufficient distance to strike the stump. There were some rulings on requests to instruct the jury, and some exceptions taken to refusals to instruct. On the argument plaintiff's counsel was permitted, against objection by defendant's counsel, to read a portion of the opinion of this court in *Wheeler v. Westport,* 30 Wis. 392. The verdict was for plaintiff, which defendant's counsel moved the court to vacate as unsupported by the evidence. The motion was denied and due exception was taken to the ruling. The appeal is from the judgment rendered on the verdict in plaintiff's favor.

*Harlow Pease,* for the appellant.

For the respondent there was a brief by *R. B. & I. B. Kirkland,* and oral argument by *I. B. Kirkland.* They argued, among other things, that it was not error to permit the reading of the extract complained of. *N. & W. R. Co. v. Harman's Adm'r,* 83 Va. 553, 564; *Gilberson v. Miller M. & S. Co.* 4 Utah, 46; *Reg. v. Courvoisier,* 9 Car. & P. 362, 363; *Gulf, C. & S. F. R. Co. v. Dunlap,* 26 S. W. Rep. 655; 2

Boltz vs. The Town of Sullivan.

Ency. of Pl. & Pr. 709. The great majority of the cases hold that such reading is not necessarily reversible error, but within the sound discretion of the court, to be reviewed only in cases of abuse. 2 Ency. of Pl. & Pr. 709, and cases cited in note 3. The reading of law to the jury, if error, may be cured by proper instructions to the jury. *Evansville v. Wilter*, 86 Ind. 414.

MARSHALL, J. The jury was instructed in substance that, if the town officers knew, or by the exercise of ordinary diligence might have known, that the stump existed so near the traveled track as to render the highway dangerously defective for the use of travelers in the exercise of ordinary care, and plaintiff in the exercise of ordinary care drove against it and was injured, the town is liable. That appears to be faultless, but appellant's counsel complains of it, because it ignored the character of the defect and the length of time it may have existed, relying upon some language used in the opinion in *Cooper v. Milwaukee*, 97 Wis. 458. The point there considered was whether the court erred in instructing the jury to answer in the affirmative an interrogatory as to whether the officers of a municipality were guilty of negligence in respect to failing to repair the alleged defect, "if the sidewalk at the point in question was defective, and the jury finds the city officers knew or ought to have known in the exercise of proper care of the existence of such defective condition, in the absence of evidence tending to show that any steps were ever taken to remedy it." Following that is language in the opinion which the learned counsel here seeks to apply to his situation, and not without some reason. The following is the language: "This instruction was given without respect to the length of time the defect had existed, or its character." Following that are observations quite likely to mislead, at least unless viewed in the light of the precise point decided. They were based on *Duncan v. Phil-*

Boltz vs. The Town of Sullivan.

*adelphia,* 173 Pa. St. 550, where the defect was in the cover of a coal hole, and of such a character that it was not discoverable without taking off the cover to examine it. The trial court refused to instruct the jury that the public officers could not be charged with implied notice of a defect merely from its existence if it was not discoverable without removing and examining objects apparently properly in place, but did charge the jury that the defendant could not be held actionably negligent unless the officers knew of the defect or it had existed so long that the city would or should know it. The court on appeal said the defendant had a right, on request being made therefor, to have the character of the defect pointed out, requisite to charge public officers with notice of its existence. Thus viewing the court's language with reference to the ruling condemned, that the defendant had a right to have the jury instructed that the existence of a defect not discoverable by observation without disturbing objects apparently properly in place is not sufficient to charge public officers with knowledge of it, the same rule is not applicable strictly to *Cooper v. Milwaukee,* 97 Wis. 458, because the court was not requested to qualify the general instruction, which, as said in *Duncan v. Philadelphia,* was good as far as it went. It was a correct statement of the law and there was no error merely because it did not state qualifications or limitations, there being no request for more explicit instructions. *Weisenberg v. Appleton,* 26 Wis. 56; *Austin v. Moe,* 68 Wis. 458; *McCormick v. Louden,* 64 Minn. 509; *Hansen v. Gaar, Scott & Co.* 68 Minn. 68.

The instruction to the jury in *Cooper v. Milwaukee* was correct. It was not intended to be condemned as an erroneous statement of the law. The difficulty was that there was no evidence in the case, either of actual knowledge of the defect complained of, or defects that could reasonably have been expected to have conveyed knowledge to the public officers. The instruction was given as if there was

Boltz vs. The Town of Sullivan.

evidence to which it could apply, as stated earlier in the same paragraph in these words: "There was no evidence to indicate any defect or tending to show that the cover was out of the socket for a sufficient length of time to have enabled the proper officers of the city to have discovered its condition and replaced it." It was want of evidence that the assignment of error under discussion turned on, and anything said in the opinion which may be construed as condemning the charge referred to therein, except for want of evidence to render it proper, and which led counsel for appellant to cite the case as condemnatory of the charge under discussion here, was not so intended by the court. The charge was right as an abstract proposition of law, so the similar charge was in *Duncan v. Philadelphia*, so is the charge here.

The jury was instructed as follows: You are allowed to give such damages for bodily pain and mental anxiety as you believe the plaintiff is justly entitled to recover. It is said that left on the minds of the jury the impression that they could determine the fact without the aid of evidence. That criticism is certainly not warranted in view of the fact that the language is followed immediately by the following: "The damages should be no greater and no less than you really believe from the testimony the plaintiff is entitled to receive." That was a plain, clear statement to the jury that they could award such damages for the elements mentioned as they believed the plaintiff was justly entitled to receive, determining the same, however, solely upon the testimony produced on the trial.

It is said the verdict should have been set aside as contrary to the evidence, because there was no evidence whatever to charge the officers of the town with notice of the defect if there were one. The statutory liability for injuries to persons caused by the insufficiency of a highway, under sec. 1339, R. S. 1878, is not subject to any exception found

Boltz vs. The Town of Sullivan.

in the letter of it. It is held by courts that an injury caused by the concurrence of a defect in the highway and contributory negligence of the injured person, cannot be attributed with reasonable certainty to either element of negligence, therefore that the principle of contributory negligence precludes a recovery in an action for damages caused by the insufficiency of a highway, the same as in any other case of the concurrence of two responsible causes; one negligence of a wrongdoer and the other of the injured person. That is because the exception is a rule of the common law and not clearly obviated by the statute. Again, by equitable construction, going back so far in this state that it is now as much a part of the statute as if expressed therein as a qualification of it, notice, either actual or constructive, of an insufficiency happening after the construction of a highway, is necessary to fix upon the municipality liability for personal injuries caused thereby. The requisite of notice has no application, however, to defects in the original construction of a highway, or to defects open and discoverable with ordinary care in the original preparation of the road for public use. *Ward v. Jefferson,* 24 Wis. 342; Elliott, Roads & S. 644. Hence the circumstances as to the character of the insufficiency, and the time when it was created, in this case do not fall within the exception to the statute. If it was an actionable defect, then clearly, from the evidence, it was a defect in the original preparation of the road for use, and therefore attributable to the town officers themselves, so there was no question of notice in the case for submission to the jury.

But it is said a town is not obliged to keep the whole width of the highway in a safe condition for public travel; that if it prepare a sufficient space for that purpose its duty is fully performed, and if even the road be too narrow, yet the traveler leave the traveled track without cause and thereby reach a defect and receive injury thereby, the town

is not liable. That is good law, but does not appear to apply to this case. The stump was so near the traveled track that it was not necessary for the vehicle to really leave the road or course of travel in order to reach it, therefore it was at least a question for the jury to say whether the defect was actionable or not by reason of its being sufficiently near the traveled track to render the use of the space prepared for travel dangerous for persons using the same in the exercise of ordinary care. *Gorr v. Mittlestaedt*, 96 Wis. 296. The evidence strongly tends to show that the defect was so near the wheel track that a mere shying of the horse or his swerving to one side for an instant, or traveling on one side as a single horse is quite liable to do, and at least without negligence on the part of the driver as a matter of law, was liable to cause the wheel to strike it with dangerous results to the occupants of the vehicle. The evidence tends to show that such was the way in which the accident happened. The trial court could not say as a matter of law that the case was within the rule that where a person voluntarily diverges from the traveled track without reasonable cause he assumes the risk of his conduct. There is evidence here that the horse suddenly shied or swerved to the right-hand side of the road in order to avoid a mudhole and thereby ran the right wheel a few inches outside of the wheel track and against the stump.

What has been said covers all the assignments of error made by appellant's counsel, except that the court permitted plaintiff's counsel to read to the jury an extract from the opinion of Chief Justice Dixon in *Wheeler v. Westport*, 30 Wis. 392. That was objected to and the court, after ruling that it was improper, said, in effect, that the reading might proceed as a part of the argument of plaintiff's counsel, but at his peril. We should say here in passing, with due respect for the learned judge who presided at the trial, that for the instant he hardly met with proper judicial firmness

the situation presented. The reading proposed was not proper. The court appreciated that fact and so ruled, and then laid aside for the moment that judicial order which should at all times govern a trial, and informed counsel that he might put error into the record if he chose, but must take the consequences. It is permissible and excusable for courts to err if done honestly and inadvertently. All do it, none are infallible; but duty to litigants and the careful adminis-tration of the law are inconsistent with knowingly permit-ting, against proper objections, improper conduct on a trial at any point, even if the trespasser upon the rules be willing to take his chances on the result in his favor being disturbed because of such conduct.

The reading of legal opinions or the law as laid down by text-writers, or reading from other books or papers, for the purpose of influencing a jury in a case on trial is generally held to be improper. Facts are to be established by evidence given in court from the mouths of witnesses, or depositions taken out of court, or papers and records and things properly produced. The law applicable to the case is to be pronounced by the trial court upon the bench. The arguments of coun-sel to the jury are to be confined to reasoning and the draw-ing of deductions from the evidence in the light of the law as counsel assumes the court will pronounce it. In that light he is to reason from the evidence as to the facts which, to his mind, such evidence establishes, and which the jury should say it establishes. The following authorities may be referred to, among the numerous decisions of courts on the subject of reading from law books and the decisions of courts, or other books, to juries: *Baker v. Madison*, 62 Wis. 137; *Mullen v. Reinig*, 72 Wis. 388; *Boyle v. State*, 57 Wis. 472; *Ashworth v. Kittridge*, 12 Cush. 193; *Fraser v. Jennison*, 42 Mich. 206; *Comm. v. Sturtivant*, 117 Mass. 122; *Comm. v. Brown*, 121 Mass. 69; *Whiton v. Albany City Ins. Co.* 109 Mass. 24; *Huff-man v. Click*, 77 N. C. 55; *Gregory's Adm'r v. Ohio R. Co.*

37 W. Va. 606; *Galveston, H. & S. A. R. Co. v. Wesch* (Tex.
Civ. App.), 21 S. W. Rep. 62; *Steffenson v. C., M. & St. P. R.
Co.* 48 Minn. 285; *East Tenn., V. & G. R. Co. v. King,* 88
Ga. 443; *Williams v. Brooklyn Elevated R. Co.* 126 N. Y.
96; *Humbarger v. Carey,* 145 Ind. 324; *Stratton v. Dole,* 45
Neb. 472; *W. U. Tel. Co. v. Teague,* 8 Tex. Civ. App. 444;
*Press Pub. Co. v. McDonald,* 63 Fed. Rep. 238; *Dillingham
v. Wood,* 8 Tex. Civ. App. 71; *Wolf v. Shannon,* 50 Ill. App.
396; *Edwards v. Three Rivers,* 96 Mich. 625.

It will be seen by an examination of the cases cited that
while the reading of law to a jury is generally condemned,
it is generally held not reversible error unless the jury be
thereby prejudiced, or it appear clearly that such was prob-
ably the effect. This is obviously the rule that should gov-
ern here in view of sec. 2829, R. S. 1878, which provides that
the court shall in every stage of an action disregard any
error or defect in the pleadings or proceedings which shall
not affect a substantial right of the adverse party, and no
judgment shall be reversed or affected by reason of such error
or defect. The significance of that provision has often been
referred to by this court. Dixon, C. J., in *Decker v. Trilling,*
24 Wis. 610, observed that it is a beneficent statute and cures
a multitude of errors, as numerous cases in which it has been
acted upon by this court will show; and in *Pooler v. State,*
97 Wis. 627–638, it was remarked that the intent of the stat-
ute should always be recognized and given its legitimate
effect to the end that justice be made certain and speedy in-
stead of being unnecessarily delayed and made burdensome
to parties by disturbing judgments where a complaining
party has in no way been prejudiced as to any substantial
right.

Looking at what counsel for respondent read to the jury,
which is the subject of the assignment of error, we are un-
able to see clearly how appellant could have been prejudiced
thereby. There was first a correct statement of the legal

Boltz vs. The Town of Sullivan.

test of liability for negligence, which was followed by a substantially correct quotation from the statute as to the liability of towns to persons injured while traveling on public ways, if injured by the insufficiency thereof; then a correct statement of the duty of towns to make and keep their highways reasonably safe, and that a highway is not sufficient if not reasonably safe; then followed an accurate quotation from Chief Justice Dixon's language in the *Westport Case* as to conditions, naming them, which may render a highway insufficient under some circumstances and not under others, closing with the words: "It is with respect to conditions and considerations like these, and others which will readily suggest themselves, that highways are stated to be safe and sufficient, or unsafe and insufficient, according to circumstances." If the counsel had argued that, as a matter of common sense and common knowledge, the considerations named were the proper tests of the sufficiency of a highway, and put the statement of the law on counsel's assumption as to its correctness, and as to what the court would instruct the jury from the bench, and made his deductions from all the evidence from premises thus stated, it would not be claimed, we apprehend, that such conduct constituted reversible error if error at all. The mere fact that the same language was used by quoting from a legal opinion cannot be said to so far change the situation as to constitute prejudicial or reversible error, inasmuch as all that was said, if stated as the language of the counsel, legitimately applied to the case. By this we by no means approve the proceeding of the trial court. We disapprove of it, yet it is one of many matters liable to occur in trials, which, though out of harmony with correct methods, do not warrant punishing parties by reversing their judgments. This court can go no further in such situations than to express disapproval and hold the error harmless, leaving trial courts to make their own standard of strictness as to the observation of settled

rules and methods of procedure in conducting trials, so long as no substantial right of a complaining party be injuriously affected thereby.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., took no part.