## PACIFIC OVERSEAS AIRLINES CORPO-RATION v. CIVIL AERONAUTICS BOARD et al.

### No. 9390.

United States Court of Appeals District of Columbia.

Argued Sept. 26, 1946.

Decided Oct. 7, 1946.

Mr. Robert Proctor, of Boston, Mass., of the Bar of the Supreme Court of Massachusetts, pro hac vice, by special leave of Court, with whom Mr. Malcolm A. MacIntyre, of Washington, D. C., was on the brief, for petitioner.

Mr. H. Don Reynolds, of Chicago, Ill., of the Bar of the Supreme Court of Illinois, pro hac vice, with whom Messrs. Wendell Berge, Asst. Atty. Gen., and Edward J. Hickey, Jr., Sp. Asst. to the Atty. Gen., were on the brief, for respondent Civil Aeronautics Board.

Messrs. James Francis Reilly, of Washington, D. C., and Paul M. Godehn, of Chicago, Ill., entered appearances for respondent United Airlines, Inc.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PER CURIAM.

This matter is before us on a motion of Pacific Overseas for a stay of any decision by the Board, and of the issuance by it of any certificate of public convenience and necessity in the so-called "Hawaiian case," pending review proceedings in this Court. The review sought is of the Board's order which denied the application of Pacific Overseas for leave to inter-

vene in the Hawaiian case and its petition that its own pending application for a certificate to operate between Los Angeles and Honolulu be consolidated with the Hawaiian case. Although by an order dated July 1, 1946, the Board reopened the original case for reargument and reconsideration on the existing record, it denied Pacific Overseas the right to intervene because of the tardiness of its application for that right and for lack of a substantial interest in the pending case. On the facts of the record made before it, in all probability the Board acted correctly in refusing to permit Pacific Overseas to intervene because of its unexplained lateness in filing long after the record had been made up, although we do not now decide that question.

 It has been made to appear to us by affidavit and statement of counsel that Pacific Overseas was prevented from making earlier application for a certificate for the service it desires to render, because of the compulsion of another agency of the government which imperatively requested it to remain available for certain wartime service. It was only a short time before Pacific Overseas filed its application with the Board on August 13, 1946, that the other government agency had released it and agreed that it might openly state the facts concerning the governmental compulsion which theretofore had restrained it from applying to the Board for a certificate. This information was not before the Board, is therefore not in the record made before it which is brought to us for review, and cannot properly be considered by us. We believe the Board will agree, however, that no person should be penalized for his patriotism in a time of national stress and common danger, and that the Board might have deemed it proper and expedient to excuse the apparently unwarranted delay of Pacific Overseas had it been informed of the situation as disclosed to us. Its rules permit it to do so. Consequently, we shall remand the case to the Board so that it may receive from Pacific Overseas such proof as it may offer concerning the reason for its late filing, and so that the Board then may determine, under the factual situation presented to it, whether it should allow Pacific Overseas to intervene.

All the foregoing, however, assumes that the Board was acting properly and within the scope of its own authority when it ordered on July 1, 1946, that the Hawaiian case be reopened for reargument and reconsideration on the existing record. It has not been suggested to us by any of the parties that the Board might not have been proceeding within its power in so doing; but it seems to us that there is implicit in the record a serious question as to whether the Board had that authority.

On May 17, 1946, the Board, by formal order, denied all six of the pending applications in the Hawaiian case except that of United Airlines for a certificate of operation between San Francisco and Honolulu. Pursuant to § 801 of the Civil Aeronautics Act of 1938, 49 U.S.C.A. § 601, that order was approved by the President on June 29, 1946. This constituted a complete and apparently final disposition of the entire proceeding then pending. Since the final action was taken by the President, it may be that, before the Board could issue a certificate to one of those carriers whose applications have been denied or to Pacific Overseas on its application for a certificate filed August 13, 1946, valid process requires the inauguration of a new proceeding to ascertain whether a third carrier between the United States and Hawaii should be certificated, and, if so, what carrier should be designated.

· The United States Circuit Court of Appeals for the Second Circuit held in Pan American Airways Co. v. Civil Aeronautics Board, 2 Cir., 1941, 121 F.2d 810, that in proceedings under § 801 of the Act, 49 U.S.C.A. § 601, the Board acts as the President's adviser, and that the President and not the Board is the ultimate arbiter. In other words, said that court, orders of the Board which, by the provisions of · § 801, require the President's approval, are considered to be in reality orders made by the President and not by the Board. If that be true, then when the President approved on June 29, 1946, the Board's order of May 17, 1946, which denied all the applications except that of United, the President himself entered the denial and so put an end to the matter. Such action is not subject to judicial review and in such circumstances a

serious question arises as to whether it is within the power of the Board to reopen for further argument and consideration upon the prior record, as it purported to do by its order of July 1, 1946, a case in which all applications had been denied by the President.

If the construction placed by the Second Circuit Court of Appeals on § 801 is correct, the Board might well decide that the application for intervention filed by Pacific Overseas on August 13, 1946, was properly denied, not on the grounds originally stated, but on the ground that the Hawaiian case in which intervention was sought had been terminated by the President's order, so there was nothing pending in which Pacific Overseas could intervene.

The Board, when it considers the difficulties which we suggest, may decide that Pacific Overseas' application for a certificate filed with it on August 13, 1946, is presently the only proceeding before the Board with respect to certification for service between Los Angeles and Honolulu. In that connection we note that only one of the six original applicants sought a route to Hawaii from Los Angeles alone. The five others sought routes from coterminals at San Francisco and Los Angeles, or from the northwest ports of Seattle and Portland. It thus appears that the Board now proposes to consider the selection of a carrier from Los Angeles alone to Hawaii on the basis of applications and supporting data which did not contemplate that operation, or the presence of a second carrier over the San Francisco-Hawaii route. If the other companies whose original applications were denied by the President on June 29, 1946, should see fit to file new applications for the Los Angeles-Honolulu service, the Board might think it expedient to consolidate those applications with that of Pacific Overseas so that a full and complete hearing, at which evidence of conditions of today could be presented, might be accorded to all the petitioners.

The remanding of this cause not only will enable the Board to be informed as to the facts causing Pacific Overseas' delay in filing its application for intervention and then to decide whether it deems the delay to have been justified so that intervention ought to be permitted, but also to examine the question of its own authority to open for further argument and consideration a case which had been closed by an order of the President, and to consider and decide what its future course should be.

Only under extraordinary conditions will this Court interfere with administrative proceedings by a stay order. In this case the circumstances are unusual and the questions implicit in the record are important. Therefore, as we remand the case for consideration by the Board of the newly-available evidence as to appellant's tardiness in filing, we think it necessary to stay further action by the Board pursuant to its order of July 1, 1946, until the parties have opportunity to take such steps as thereafter seem proper to protect their rights. It will be so ordered.

Such delay as may ensue from the order of the Court will not, we think, constitute undue delay under the circumstances in this case. The Board itself has been unable to reach a majority agreement upon the pending question after two years' consideration. The present proceeding is not prior to the conclusion of a proceeding, since the Board, on May 17, 1946, concluded the matter. The present proceeding is a proposed reconsideration. The interests of the public will not be imperiled, as two carriers are now operating between San Francisco and Hawaii and one carrier from Los Angeles to Hawaii.

Stay granted and case remanded.