GLENDENNING MOTORWAYS, Inc.
v.
ANDERSON et al.
No. 14933.

United States Court of Appeals
Eighth Circuit.
June 1, 1954.

E. W. Murnane, St. Paul, Minn. (Murnane & Murnane, St. Paul, Minn., on the brief), for appellant.

Arthur J. Donnelly, St. Paul, Minn., (Philip Stringer, Sullivan, Stringer, Donnelly & Sharwood, and David R. Roberts, St. Paul, Minn., on the brief), for appellee Joyce Anderson.

Leonard J. Hanson and Hanson & Wilcox, Minneapolis, Minn., for appellee Kenneth Schneider.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by Appellee Joyce Anderson as plaintiff against the Appellant to recover damages for personal injuries suffered by her as the result of a collision between a pickup truck in which she was riding and a heavily loaded truck and trailer unit owned, maintained and operated by Glendenning Motorways, Inc., Appellant herein. The collision resulting in the injuries to Miss Anderson occurred on U. S. Highway No. 12 at a point about four miles west of Hammond in the state of Wisconsin. Defendant's truck and trailer unit, which was equipped with a diesel engine, was some forty-four feet in length and at the time of the collision it was either slowly moving or standing still near the top of a slowly rising grade and was part way off to the right of the hard surfaced portion of the highway. The truck was, and for some considerable time prior to the accident had been, emitting large quantities of smoke which from time to time enveloped and obscured the tail-light and the truck itself. The accident occurred after dark, a little past 9:00 o'clock p. m., on October 18th, 1951. It was contended by plaintiff that defendant was negligent in operating the truck without sufficient tail-lights and in such manner or under such conditions that it emitted large quantities of dense smoke obscuring the tail-light and the presence of the truck itself. The plaintiff was riding in a pickup truck owned and driven by her brother-in-law Kenneth Schneider. At and prior to the time of the accident this pickup truck was being driven by Schneider at a speed of about forty or forty-five miles per hour. As Schneider approached the truck of defendant he observed dense smoke which obscured the tail-light of the defendant's truck and also obscured the presence of the truck which was either moving very slowly or standing still and its presence was not discovered until Schneider was so near the rear end of the truck that he was unable to stop and avoid the collision. The collision was so sudden and violent that it inflicted serious personal injuries on the plaintiff.

On motion of defendant, Kenneth Schneider, the driver of the pickup truck in which plaintiff was riding as a guest at the time of the collision was made a third-party defendant and it was claimed by defendant that the collision did not result from any negligence on its part but was caused by the negligence of Kenneth Schneider, the driver of the pickup truck. The facts will be further referred to in the course of this opinion. The jury found Kenneth Schneider, the driver of the pickup truck, guilty of negligence but found that his negligence was not the proximate cause of the accident resulting in plaintiff's injuries and returned a verdict in favor of plaintiff and against the defendant, Glendenning Motorways, Inc. for $45,000.00. From the judgment entered on this verdict defendant has appealed.

It is first contended that the court erred in holding that the defendant was not entitled to three peremptory challenges in selecting the jury but that it must apportion three challenges between it and the third-party defendant. Plaintiff, however, vigorously protests that this question has not been preserved for review by this court. A careful examination of the record discloses that the proceeding with reference to impanelling the jury is not included in the printed record and this record proper was printed pursuant to stipulation of the parties. It was not included in the transcript of the record

as certified by the court reporter but was sought to be brought into the record by stipulation of counsel for the respective parties. The notice of appeal was dated June 29th, 1953. Under date February 23, 1954, the parties by their respective counsel stipulated as follows:

"The parties hereto stipulate, for the purpose of completing an inadvertent omission in the transcript of testimony of the proceedings had at the trial, as follows:

"It is stipulated that at the time the above entitled matter was called for trial the defendant's counsel requested that the defendant be allowed three peremptory challenges; thereupon the Court ruled that the defendant must apportion three challenges between it and the third-party defendant. No further proceeding was had in that regard except that the defendant did, in fact, exercise two peremptory challenges and the third-party defendant, one.

"This Stipulation shall not be construed to waive any right on the part of the plaintiff or third-party defendant to contest the timeliness of this issue or grounds for appeal nor shall it be construed as consent on the part of said parties to the inclusion of this Stipulation as part of the record on appeal."

■ It is observed that counsel for plaintiff specifically reserved his right to object to the timeliness of the effort to amend the record and specified that the stipulation should not be construed as consent of the plaintiff to include the stipulation as part of the record on appeal. There is nothing in the stipulation nor is there anything in the printed record proper to indicate that defendant objected to the ruling of the court and it is conceded that it in fact exercised two challenges, nor is there anything to indicate that it desired to exercise further challenges nor is there any suggestion that the jury as impanelled was not a fair and impartial one. It was the defendant who brought in the third-party defendant to share the defense with it. In this condition of the record we think the ruling of the court on this question is not properly before us. Cunningham v. Olson Drilling Co., 5 Cir., 171 F.2d 392; Petitions of Rudder, 2 Cir., 159 F.2d 695; Pacific Overseas Airlines Corporation v. Civil Aeronautics Board, 81 U.S.App.D.C. 268, 161 F.2d 633. The record is consistent with the thought that defendant acquiesced in the ruling of the court and this thought is strengthened by the further fact that no effort was made to make or preserve a record of the incident until long after an appeal to this court was perfected. In these circumstances we must decline to consider the question now sought to be presented.

■ Counsel for plaintiff in the course of his closing argument read to the jury what were stated by him to be applicable statutes of the State of Wisconsin and he commented thereon giving his views as to their construction and meaning. The practice, we think, is reprehensible and should not be tolerated. It is the function and duty of the trial court to instruct the jury as to the law and it is the duty of the jury to accept as the applicable law that given by the court and no other. It is the duty and province of the jury to find and determine the facts, not the law. Steffenson v. Chicago, M. & St. P. Ry. Co., 48 Minn. 285, 51 N.W. 610; Baker v. City of Madison, 62 Wis. 137, 22 N.W. 141, 583; Boltz v. Town of Sullivan, 101 Wis. 608, 77 N.W. 870; Press Pub. Co. v. McDonald, 2 Cir., 63 F. 238, 26 L.R.A. 53. In Baker v. City of Madison, supra, the trial court had refused to permit counsel to read law to the jury and in sustaining the ruling of the trial court it is said [62 Wis. 137, 22 N.W. 145], inter alia:

"The jury must find the facts in any given case from the evidence given to them on the trial, and that alone, and they must take the law of the case from the judge who presides at the trial."

In Boltz v. Town of Sullivan, supra, it is said [101 Wis. 608, 77 N.W. 873]:

"The reading of legal opinions or the law as laid down by text-writers, or reading from other books or papers, for the purpose of influencing a jury in a case on trial is generally held to be improper. * * * The law applicable to the case is to be pronounced by the trial court upon the bench."

This practice was condemned by the Supreme Court of Minnesota in Steffenson v. Chicago, M. & St. P. Ry. Co., supra, wherein it is said [48 Minn. 285, 51 N. W. 611]:

"When making the closing argument, and under defendant's objections, one of plaintiff's counsel was permitted by the court to read section 1 of article 8 of the constitution of the state [M.S.A.] to the jury, and also a portion of the opinion of this court in Lavallee v. [St. Paul, M. & M.] Railway Co., 40 Minn. [249] 252, 41 N.W. 974. We have not been able to discover wherein the defendant was prejudiced by counsel's reading, but take this occasion to remark that the practice of reading from the law-books is an exceedingly dangerous one, and should not be indulged in. The law when presented in this form should not come from the counsel."

■ The fact that counsel for plaintiff should not have been permitted to read the statutes of Wisconsin to the jury does not in the instant case, however, require reversal. No objection was made by counsel for defendant to the act of counsel for plaintiff in reading law to the jury and apparently it was not until the close of the argument that any exception was taken and the exception so taken did not go to the conduct of counsel in reading law to the jury but rather to his comments on the law as read by him. The argument of counsel was apparently not preserved and it is not reproduced in the record before us and in this state of the record defendant cannot be heard to complain of the argument.

■ Counsel for defendant requested an instruction to the effect that the jury should disregard the argument of counsel with reference to the law of Wisconsin and that "There is no statutory requirement that lights, if they otherwise meet the requirements of the statute, must actually be visible under all conditions including weather conditions and conditions of the atmosphere such as fog, smoke, or other conditions which might obstruct vision."

There was no evidence that any abnormal atmospheric conditions existed except such as were created by the negligence of defendant and we think the requested instruction was properly refused. Johnston v. Eschrich, 263 Wis. 254, 57 N.W.2d 396; Walker v. Kroger Grocery & Baking Co., 214 Wis. 519, 252 N.W. 721, 92 A.L.R. 680. In its instructions the court said:

"It now becomes your duty to consider all the evidence in the light of the rules of law given to you by the court in this charge, and it likewise is your duty to apply these rules of law to the facts as you find them from the evidence."

The proper and applicable law was clearly and fully covered by the court's instructions.

■■ It is next urged that the verdict is not sustained by substantial evidence. Defendant failed to interpose a motion for a directed verdict in its favor at the close of all the testimony. As an appellate federal court we can consider the contention that the evidence is insufficient to support a verdict only when the question has been made a question of law. This can only be done by interposing a motion for a directed verdict. Dinet v. Rapid City, S. D., 8 Cir., 222 F. 497; Standard Accident Ins. Co. v. Rossi, 8 Cir., 52 F.2d 547; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356. As early as 1915 this court in Dinet v. Rapid City, supra, speaking through Judge Carland said [222 F. 499]:

"It is claimed there is no evidence to support the verdict. This question is not before us, as it was in no way presented to the trial court during the trial. It was presented in a motion for a new trial, but the ruling of the trial court on that motion is not reviewable here. The reason for this has been so many times stated that we refrain from again repeating it."

In fact the decisions of federal courts are in accord on this question. In a later case, Minnehaha County, S. D. v. Kelley, supra, we state in some detail the reason for this rule. We there said [150 F.2d 359]:

"Failure to interpose a motion for a directed verdict at the close of all the testimony and secure a ruling thereon precludes defendant from questioning here the sufficiency of the evidence. Amendment 7 of the Constitution provides, among other things, that, 'The right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.'

"The only mode known to the common law to re-examine such facts was the granting of a new trial by the court where the issue was tried. Parsons v. Bedford [Breedlove & Robeson], 3 Pet. 433, 447, 7 L.Ed. 732; Thorn v. Browne, 8 Cir., 257 F. 519.

"In law actions this court has appellate jurisdiction only and the only method of securing a review of the facts is by interposing a motion for a directed verdict at the close of all the evidence and securing a ruling thereon. This ruling presents a question of law. Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 99 F.2d 856; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96; Concordia Fire Ins. Co. v. Commercial Bank, 8 Cir., 39 F.2d 826; Illinois Power & Light Corporation v. Hurley, 8 Cir., 30 F.2d 905; Mutual Benefit Health & Accident Ass'n v. Thomas, 8 Cir., 123 F.2d 353. The question of the sufficiency of the evidence is therefore not before us."

In this condition of the record we must assume that the evidence sustained the verdict.

It is finally contended that the verdict is excessive and that a new trial should be granted for that reason. We have consistently held that in a tort action the question of the excessiveness of a verdict is a question to be determined by the trial court on motion for new trial and cannot be considered as ground for reversal. Chicago & N. W. Ry. Co. v. Kelly, 8 Cir., 74 F.2d 31; Chicago & N. W. Ry. Co. v. Green, 8 Cir., 164 F.2d 55; New York, C. & St. L. R. Co. v. Affolder, 8 Cir., 174 F.2d 486; St. Louis Southwestern Ry. Co. v. Ferguson, 8 Cir., 182 F.2d 949; Zimmerman v. Mathews Trucking Corp., 8 Cir., 203 F.2d 864. In the instant case a motion for new trial was presented to the trial court on the ground among others that the verdict was excessive. The record discloses that plaintiff suffered serious personal injuries, some of them at least permanent in character, that she was hospitalized for substantially a year and a half, that she expended for medical and hospital services in excess of six thousand dollars, that she has suffered severe physical pain and mental anguish and will continue to be a sufferer because of the injuries sustained and there is no price current for human suffering. While the matter is not properly before us we observe in passing that the verdict cannot properly be said to be "monstrous" nor such as "shocks the judicial conscience", and that manifestly was the view of the trial court.

The judgment appealed from is therefore affirmed.