RAYMOND, Appellant, vs. THE CITY OF SHEBOYGAN, Respondent.

*November 29 — December 13, 1887.*

MUNICIPAL CORPORATIONS: PLEADING. *(1) Injury from defect in street: Action, when maintainable against city: City charter. (2) Plea in abatement.*

1. The charter of Sheboygan (sec. 24, ch. 236, Laws of 1874) provides that whenever any person is injured by reason of any defect in the street for which the city would be liable, and such defect was caused by the negligence of another person, the city shall not be liable therefor until all legal remedies have been exhausted against the person through whose negligence the defect was caused. In an action against the city for injuries caused by an obstruction placed in the street by the owner of the abutting premises, *held*, that the plaintiff was required to exhaust all his legal remedies against the owner before he could proceed against the city, even though the latter was negligent in not removing the obstruction from its street.

2. In such action, where the answer names the owner, and alleges that he is a resident of the city, it need not show that he is living and within the jurisdiction of the court in order to constitute a good plea in abatement.

APPEAL from the Circuit Court for *Outagamie* County.

The facts are sufficiently stated in the opinion. The plaintiff appealed from a judgment in favor of the de-fendant.

For the appellant there was a brief by *Foster, Dean & Foster*, and oral argument by *G. W. Foster*. The answer in abatement must show that the person is still living. *Burgess v. Abbott*, 1 Hill, 477; *Indiana v. Woram*, 6 id. 33; Stephen on Pleading (Heard's ed.), 47. It must show knowledge in the plaintiff. *New York Dry Dock Co. v. Treadwell*, 19 Wend. 525. It must give the names of all primarily liable, alleging that there are no others. *Mechanics' & F. Bank v. Dakin*, 24 Wend. 411; *Wigand v. Sichel*, 3 Keyes, 121; *Hawks v. Munger*, 2 Hill, 200; *Peck v. Cording*, 1 Denio, 222; 6 Wait's Act. & Def. 394; 1 Bacon's Abr. 1. It should also show that the defendant was not guilty of actual negligence. *Papworth v. Milwaukee*, 64 Wis. 402. Otherwise the city could be sued at common law with the wrong-doer in one action. *Moore v. Fitchburg R. Corp.* 4 Gray, 465; *Montford v. Hughes*, 3 E. D. Smith, 591; *Suydam v. Moore*, 8 Barb. 358; 2 Thomp. on Neg. 891, 892, and cases cited; Shearm. & Redf. on Neg. sec. 361, and cases cited. The statute relied on does not pretend to repeal the common law as to the joinder of parties; and statutes are not presumed to make any alteration in the common law farther than expressly declared. *Freethy v. Freethy*, 42 Barb. 643, and cases cited; *Meek v. Pierce*, 19 Wis. 300; *Arians v. Brickley*, 65 Wis. 31.

*A. C. Prescott*, for the respondent, as to the sufficiency of the plea in abatement, cited *Taylor v. Richards*, 9 Bosw. 679; Moak's Van Santvoord's Pleadings (3d ed.), 499.

COLE, C. J. The appellant brought this action to recover damages for injuries sustained while driving along one of the streets of the defendant city. The allegation in the

complaint, which was sustained by the proof, was that his buggy was upset by coming in contact with a mound or pile of dirt in the street, which was dangerous to travelers. The city answered the general denial, and further, in substance, that the mound or pile of dirt which caused the injury was placed in the street, without its knowledge or consent, by one Joseph Keseberg, a resident of the city and the owner of lots fronting and abutting the street where the pile of dirt was placed; that there was no contract relation between Keseberg and the city; and that the plaintiff had not exhausted his legal remedies against, nor taken any legal proceedings whatever to collect his damages from, Keseberg. The case went to trial on the merits, but the court finally gave judgment for the city on the matter pleaded in abatement. The question is, Was that judgment correct under the circumstances?

By an amendment to the city charter, it is provided that whenever any injury shall happen to persons or property in the defendant city by reason of any defect or incumbrance of any street for which the city would be liable, and such defect or incumbrance was caused or procured by the wrong or negligence of any person, such person so guilty of the wrong or negligence shall be primarily liable for all damages for such injury, and the city shall not be liable therefor until after all legal remedies shall have been exhausted to collect such damages from such person. Sec. 24, ch. 236, Laws of 1874. The very obvious intent and meaning of this provision is to require the injured party first to exhaust all legal remedies to collect his damages from the wrong-doer or person causing the defect or placing the obstruction in the street, before the liability of the city shall be enforced. A similar provision is found in a number of the city charters of the state, and this court has had occasion to consider its effect in cases which have come before it. Its validity has been affirmed, and it has been held that

it was intended to relieve "the city, as far as possible with justice to the injured party, from liability for injuries occasioned by obstructions unlawfully placed in its streets by persons for whose acts it was not directly responsible, and that whenever the person injured can, by the use of the remedies furnished him by the law, recover his damages of the party primarily in fault, therefore primarily liable," he must do so before resorting to his remedy against the city. *McFarlane v. Milwaukee*, 51 Wis. 691. The same doctrine as to the responsibility of the city in such a case is recognized in *Hincks v. Milwaukee*, 46 Wis. 559; *Amos v. Fond du Lac*, 46 Wis. 695; *Papworth v. Milwaukee*, 64 Wis. 390. Therefore the point as to when the liability of the city can be enforced, where such a provision in the charter exists, must be deemed settled in this state.

The jury found that the owner of the abutting lot placed the pile of dirt in the street while excavating a cellar on his lot. The owner might thus use the street, providing he did not improperly obstruct it, and had taken due care to guard the mound so as to prevent accidents to travelers. This principle is sanctioned in *Hundhausen v. Bond*, 36 Wis. 30, as being entirely consistent with the rights of the public in the street. It is there said: "When, in a city, an owner of an abutting lot has occasion to build, and for that purpose to dig cellars, he may rightfully lay his building materials and earth within the limits of the street, provided he takes care not improperly to obstruct the same, and to remove them within a reasonable time." In this case, it would appear, *prima facie*, that the owner was guilty of actionable negligence, at least, in not putting up some light or guard at the pile of earth to prevent accidents to those traveling the street by night. For the purpose of this case, we assume that he was, and that the plaintiff could have maintained his action against him for his injuries, as he was primarily liable for them. Under

the charter, then, the plaintiff was required to exhaust all his legal remedies to collect his damages from the owner before proceeding against the city.   This is the plain meaning of the provision referred to, and the court below was perfectly right in abating the present action.

Some objection was taken to the answer, which set up this matter in abatement, because it was not sufficiently clear and precise, and did not show that the wrong-doer was living and within the jurisdiction of the court.   We do not think the objection well taken.   Under the Code, the defendant may unite in the same answer a defense which was formerly a plea in abatement, and one which was a plea in bar.   *Freeman v. Carpenter*, 17 Wis. 126; *Dutcher v. Dutcher*, 39 Wis. 651; *Hooker v. Greene*, 50 Wis. 271.   And we suppose a plea in abatement, or an answer in the nature of such a plea, must be liberally construed, with a view to substantial justice, like any other pleading.   The answer states that Keseberg, who placed the pile of earth in the street, was a resident of the city.   Presumably he was living.   The answer informed the plaintiff who was liable for the injury, and against whom he should have brought his action.

Whether the city was guilty of negligence in not removing the dirt from the street before the accident happened, is not a question before us.   Concede that it was, that its officers were guilty of actual neglect, as counsel claims, still its liability cannot be enforced until the plaintiff has exhausted all his legal remedies to collect his damages from the owner of the lot, who placed the obstruction in the street.

*By the Court.*— The judgment of the circuit court is affirmed.