KOLLOCK, Appellant, vs. THE CITY OF MADISON, Respondent.

*March 3 — March 21, 1893.*

*Municipal corporations: Injury from defective street: Primary liability of negligent contractor.*

Under ch. 471, Laws of 1889, a contractor for street work, whose negligence caused a defect in a street by reason of which a person was injured, is primarily liable for the damages arising from such injury; and it is immaterial whether he was or was not an independent contractor.

APPEAL from the Circuit Court for *Dane* County.

This is an appeal from an order granting the defendant leave to amend its answer in an action brought by the plaintiff against it to recover damages for injuries suffered by him while driving in a carriage along Gorham street in said city, the complaint charging that the defendant negligently caused and permitted a heavy rope to be stretched across said street at a point near the intersection of said street with Carroll street, the rope being firmly and securely fastened to a tree on either side of said street, and drawn taut, so that in the middle of the street the rope was about two or three feet above the surface; that the defendant carelessly and negligently permitted it so to remain until and after dark on the evening of the occurrence, without placing any light or signal to indicate danger by reason thereof; that Gorham street, at the place mentioned, was undergoing repairs, and had been macadamized, under the authority and supervision of the defendant. The amendment to the answer alleged that previous to the said injury the defendant entered into a contract with one Quinn for macadamizing that portion of Gorham street lying between Hancock and State streets, including the part of said street where the accident is alleged to have happened; that Quinn agreed to perform the work necessary to properly ma-

cadamize the street, and while performing such contract he, from time to time, caused the rope named to be stretched across the street at the place where the accident occurred, for the purpose of excluding travel therefrom during the progress of the work and until the street should become fit for travel; that the rope had been so left by Quinn on the day when the accident occurred, or by some of his employees, unknown to the defendant; that Quinn was an independent contractor, in full charge of said work, and the rope was not left as stated by the defendant or by any of its agents, servants, or employees, but that, if there was any default or negligence in the premises, it was not the fault of the defendant but of said Quinn or his agents or employees; that by the terms of the agreement between the defendant and Quinn it was agreed that Quinn should have the charge of and be responsible for the entire work until he should be formally released from his obligation under the contract, and that he should preserve said city harmless from all claims for damages from all causes whatever in connection with said work, or any part thereof, until fully completed and accepted by the city; and that the work had not been fully completed or accepted by the city at the time of the said injury, but was still under the charge and management of Quinn, and that the defendant was not primarily liable for said neglect.

For the appellant there was a brief by *Bashford, O' Connor & Polleys*, and oral argument by *J. A. Aylward.*

*Burr W. Jones*, for the respondent.

PINNEY, J.    Sec. 1, ch. 471, Laws of 1889 (1 S. & B. Ann. Stats. sec. 1339*b*), provides: " Whenever any injury has happened or shall happen to any person or property in any city or municipal corporation or towns by reason of any defect in any highway, street, alley, or public ground, or for any other cause for which such city or municipal corporation

or towns would be liable, and such defect, incumbrance, or other cause of such injury *shall be caused by, arise from, or be produced by, the wrong, default, or negligence of any person or corporation or towns,* such person or corporation or towns so guilty of such wrong, default, or negligence shall be primarily liable for all damages arising from such injury; but such city or municipal corporation or towns may be sued in the same action with the one so primarily liable, and be complained against as if primarily liable. If said city or municipal corporation or towns shall answer that it is not primarily liable, showing who is, and the verdict or finding shall be that it is liable, but not primarily, then the court shall enter judgment for the amount stated in the verdict or finding against all the defendants against whom the verdict shall be found or the finding shall be made; but the court shall stay execution against such city or municipal corporation or towns until execution against those found to be primarily liable shall have been returned unsatisfied in whole or in part. When such execution shall have been so returned, then such judgment may be enforced against such city or municipal corporation or towns for whatever amount shall remain uncollected or unpaid thereon." The second section provides that upon an answer, as in this case, that the defendant is not primarily liable, and showing who is, and the person thus shown shall not have been made a party, the plaintiff may amend, as provided by R. S. sec. 2834, making him a party by amendment.

It is objected that this statute applies only where the party causing the defect in the street, etc., holds no contract relation with the city, and that a party holding such relation to the city, by whose neglect or default the damages were caused, can in no case be considered a party primarily liable therefor under this statute. The language of the statute is very broad and general, and the

statute is evidently of a remedial nature, and should be liberally construed to advance the remedy and suppress the former inconvenience, which obviously was as great in the case where the party by whose neglect or default the injury occurred had and held contract relations with the city concerning the subject matter as where he occupied no such relations. The statute is that, if "such defect, incumbrance, or other cause of such injury shall be caused by, arise from, or be produced by, the wrong, default, or negligence of any person or corporation or towns, such person or corporation or towns so guilty of such wrong, default, or negligence, shall be primarily liable for all damages arising from such injury." The liability grows out of and is founded on the act of the person claimed to be primarily liable, entirely independent of the question whether he sustains any contract relation to the city for building or repairing the street.

The appellant's counsel rely upon the case of *Hincks v. Milwaukee*, 46 Wis. 559, 564, in which a somewhat similar provision in the charter of the city of Milwaukee was construed. There were two provisions of the charter designed to cover both classes of cases, where there was a contract relation with the city by the wrongdoer, and as well where there was no such relation; and, inasmuch as the section in relation to the former case was held void and unconstitutional, because it applied only to the city of Milwaukee and not to the rest of the state, it is clear that the preceding section, which applied to the latter class of cases, where there was no contract relation, ought not to be so construed as to embrace the subject matter of the second section. To have thus construed the first section would have made it obnoxious to the objection which defeated the second, and so both sections in that way would have been defeated. In construing statutes *in pari materia*, a repealed or unconstitutional statute may be considered in deter-

mining the meaning of the still subsisting or valid portion of the statute. Endlich, Interp. St. §§ 48, 49; *Flanders v. Merrimack*, 48 Wis. 567; *Coffin v. Rich*, 45 Me. 507; *Comm. ex rel. Att'y Gen. v. Potts*, 79 Pa. St. 164. The ground of the ruling in *Hincks v. Milwaukee, supra*, is not stated beyond the fact that the claim of counsel that the section under consideration was intended to include a case where the obstruction was placed in the street by the owners of adjoining lots while making some improvements for their own convenience or benefit, with which the city had nothing to do, and it was held that the words of the section should " be restricted to a case where the party causing the defect held no contract relation with the city, as where the owner or occupant of the adjoining lot creates the nuisance, as in *Hundhausen v. Bond*, 36 Wis. 30, and where the city would be primarily liable to make compensation in the absence of such a provision." The consideration that it was clearly not intended by the legislature to make the first section cited from the city charter of Milwaukee include the subject matter of the second and unconstitutional one, serves to explain the real reason why a case under the second section, where the party causing the defect held contract relations with the city, was not included within the meaning of the act.

In that case the court said: " Doubtless it would be competent for the legislature to make the contractor, in such case, primarily liable for injury occurring by his wrongful acts." The general act under consideration was no doubt passed in view of this suggestion of the power of the legislature, and in order that by this general provision the specific objection which defeated the second section of the Milwaukee charter in *Hincks v. Milwaukee*, 46 Wis. 559, might be obviated, and the liability created by the general words of the act extended to both classes of cases, and to all cities, municipal corporations, or towns throughout the

state. The language of the statute is plain, and there is no exception as to contractors with the city, and nothing to suggest any; nor are we able to see that any principle of public policy requires that the act should be so construed as to create such an exception.

In the case of *Papworth v. Milwaukee*, 64 Wis. 389, the city, by its actual neglect, had become liable, and the default or neglect of the person negligent in the first instance was not the sole cause of the injury, and so the case was held not within the provisions of the first section of the charter, as construed in *Hincks v. Milwaukee*, 46 Wis. 559. In the case of *Raymond v. Sheboygan*, 70 Wis. 318, 76 Wis. 338, no question existed as to the primary liability of a contractor with the city, and in that case the adjoining lot-owner was sought to be made primarily liable, by reason of his having obstructed the street with dirt excavated from his lot.

It is contended, however, that because Quinn was not an independent contractor (sec. 13, subch. 6, City Charter; ch. 36, Laws of 1882), inasmuch as the work he did under his contract was done under the supervision of the mayor, superintendent of streets, and city surveyor, and was required to be approved by them before it could be accepted by the council, therefore the case did not fall within the act of 1889 relied on. Undoubtedly Quinn was not an independent contractor. *Harper v. Milwaukee*, 30 Wis. 365. The rule is that where one person employs another to furnish the materials and do a specific piece of work as an independent contractor, he does not thereby render himself liable for injuries caused by the sole negligence of such contractor or his servant. *Harper v. Milwaukee, supra; Hackett v. W. U. Tel. Co.* 80 Wis. 192, and cases cited. And in such cases it is held that, if "an injury results from the negligence or misconduct of the contractor or his servant or agent, the employer is placed under a liability equal and

similar to that which exists in the ordinary case of a prin-
cipal and agent." *Cincinnati v. Stone,* 5 Ohio St. 38. The
fact that Quinn was not an independent contractor, is not,
we think, material. The city is liable for the injury by
reason of its duty to the public to keep its streets in suit-
able condition for travel, and Quinn is liable over to the
city for damages suffered by it by his negligence in caus-
ing the obstruction to public travel in carrying out his con-
tract with the city. The fact that he is not an independent
contractor does not tend to show that he is not within sec.
1, ch. 471, Laws of 1889, or that the defect in the street in
question, or other cause of the injury, was not caused by,
arose from, or produced by, the wrongful default or negli-
gence of Quinn, and that he is not primarily liable by the
statute to the injured party, as well as he would have been
at common law to his employer, before the statute.

We therefore conclude that, in consideration of the gen-
eral language of the act, and of the fact that the legislation
designed to reach the desired end in Milwaukee was found
invalid, it was the intention of the legislature to embrace
in the act of 1889 cases as well where the original wrong-
doer had as where he had no contract relations with the
city. The order allowing the amended answer was prop-
erly granted.

*By the Court.*— The order of the circuit court is affirmed.