ZIEGLER, Respondent, vs. CITY OF WEST BEND, Appellant.

*January 12 — January 31, 1899.*

*Municipal corporations: Defective streets: Notice of injury.*

The failure of a city, in constructing a street, to make it reasonably safe for public travel — in this case the improper adjustment of the cover of a manhole over a catch-basin by reason of which such cover slid out of place when stepped on — is not the creation of a nuisance rendering the city liable at common law for injuries caused thereby, but is a failure of duty rendering the city liable under sec. 1339, Stats. 1898, to persons injured by the insufficiency; and the giving of notice as required by that section is a condition precedent to the maintenance of an action.

Ziegler vs. City of West Bend.

APPEAL from an order of the circuit court for Washington county: JAMES J. DICK, Circuit Judge. *Reversed.*

Action for personal injuries. The complaint, by appropriate allegations, states that plaintiff was injured without fault on his part, by falling into the manhole of a catch-basin located in one of the streets of the defendant city; that the cover of the manhole was so improperly adjusted that travel over it by persons, either in vehicles or otherwise, was liable to displace it with injurious consequences to such persons; that plaintiff was injured in that way; that while traveling over the manhole he stepped upon the cover, causing it to slide out of its bed and let him drop into the manhole, thereby seriously injuring him. The complaint contained no allegation of notice to the city of the injury, with time and place of its occurrence and a description of the insufficiency or want of repair of the street causing it, except of a notice served some two months after the injury. The defendant demurred to the complaint for want of facts stated therein sufficient to constitute a cause of action. The demurrer was overruled, and defendant appealed.

For the appellant there was a brief by *P. O'Meara* and *H. K. Butterfield,* and oral argument by *P. O'Meara.*

For the respondent there was a brief by *Barney & Kuechenmeister,* and oral argument by *G. A. Kuechenmeister.* They argued, *inter alia,* that the cause of the injury was a nuisance, and no notice was necessary to make the city liable. *Hughes v. Fond du Lac,* 73 Wis. 380–382; *Little v. Madison,* 42 Wis. 643; *Harper v. Milwaukee,* 30 Wis. 365; *King v. Oshkosh,* 75 Wis. 519; *Steltz v. Wausau,* 88 Wis. 618; *Stephani v. Manitowoc,* 89 Wis. 467.

MARSHALL, J. This is an action to recover damages for injuries alleged to have been sustained by the plaintiff because of failure by the defendant city to perform its statutory duty of making the city street, where the injury

Ziegler vs. City of West Bend.

occurred, reasonably safe for public travel.  There is no common-law liability in such a case, and none under the statute except upon compliance with all the conditions prescribed therein.  This court has often said that, the right being statutory, it is competent to attach such conditions to it as in legislative wisdom may be deemed proper.  However burdensome such conditions may be, the claimant for compensation for injuries has no good reason to complain, for without the statute he would be entirely remediless.  In *Daniels v. Racine*, 98 Wis. 649, the subject will be found fully discussed.

Sec. 1339, Stats. 1898, provides that no action shall be maintained to recover damages caused by the insufficiency or want of repair of a street in any city, unless, within fifteen days after the occurrence of the event causing the injury, a notice in writing, signed by the party, his agent or attorney, shall be given to the mayor or city clerk of the city against which the damages are claimed, stating the place where and time when the injury occurred, and describing generally the insufficiency or want of repair which occasioned it, and that satisfaction therefor is claimed of such city.  The complaint in this action shows that notice of plaintiff's claim was not given to the city till long after the expiration of the statutory period, hence it fails to state a cause of action.  The point involved has often been discussed by this court, and very recently in *Daniels v. Racine*, *supra*.

Counsel for respondent contend that the statutory requirement for a notice referred to does not apply to injuries caused by defects in the original construction of a street, and cite cases in this court where it has been held that a municipality is responsible the same as a private individual for an improper obstruction placed in a street, constituting a nuisance.  *Hughes v. Fond du Lac*, 73 Wis. 380, is referred to, where a roller was left in the street; also *Little v. Madi-*

*son*, 42 Wis. 643, where the city licensed a street exhibition of wild animals. That rule applies only to the doing of something which the city has no right to do, rendering a street or highway dangerous for public travel, not a failure to do properly what a city has a right to do. It may lay out and open a street for public travel and place in the street those things which legitimately belong there, such as crosswalks, sewers, and catch-basins with manholes. The failure to render the street as so constructed reasonably safe for public travel is not the creation of a nuisance, but a failure of duty, rendering the city liable to persons injured by the insufficiency, under sec. 1339 of the statutes. The act of a municipality resulting in the creation of a nuisance, and the failure to make a street reasonably fit for public travel or to keep it in a proper state of repair after the original construction, are sufficiently distinct that no great difficulty, it would seem, need be experienced in distinguishing when a claim for damages falls under sec. 1339 and when not. In the one case the street is obstructed or made unsafe by some act of the municipality of commission or omission, not connected with its construction or repair; in the other the insufficiency grows out of the unsafe construction of the street or the insufficient repair of it.

*Stephani v. Manitowoc*, 89 Wis. 467, is confidently referred to by respondent. Possibly the learned trial court was misled as to what is there decided. The defect complained of related to the original preparation of the street for public travel in that it was alleged there were no proper safeguards provided to prevent people from walking into an open drawbridge. The court said, previous notice of the defect was not requisite to charge the city with damages to a person injured thereby. That remark was not made with reference to notice of the injury under sec. 1339, but notice of the existence of the defect itself prior to the injury. It was the statement of a familiar principle of law that, while no-

tice, actual or constructive, of want of repair of a street, must be brought home to a public corporation in order to charge it with damages for an injury caused thereby, no such notice is required where the defect is in the original construction. In the latter case, knowledge on the part of the city is conclusively presumed. *Boltz v. Sullivan,* 101 Wis. 608. Notice of the injury, with the time and place of it, with a description of the insufficiency or want of repair of a street, comes after the injury occurs, and to enable the officers of the municipality to investigate the occurrence while it is fresh. Notice of the defect in a street, charging the municipality with actionable negligence, when required at all, comes before the injury a sufficient length of time to enable the proper officers, by the exercise of reasonable diligence, to remedy the insufficiency. It must appear clearly, without further discussion of the matter, that the learned circuit judge and counsel for respondent misapprehended *Stephani v. Manitowoc.* It has no application to this case whatever.

*By the Court.*— The order appealed from is reversed, and the cause remanded with directions to sustain the demurrer to the complaint.

BARDEEN, J., took no part.