O'DONNELL, Appellant, vs. CITY OF NEW LONDON, Respondent.

*January 29—February 18, 1902.*

*Municipal corporations: Charter provisions: Claims: Presentation to common council: Appeal: Negligence: Tort actions: Conditions precedent: Pleading.*

1. Secs. 1, 2, subch. IX, ch. 162, Laws of 1877, gives the common council of the city of New London power to adjust all claims and demands of every nature against the city, except those payable out of the school fund, and provides that no action shall be maintained upon any such claim or demand, other than a city bond or order, unless it shall first have been presented to the common council. The action of the common council, disallowing such claim, is made a bar to any action founded thereon unless an appeal be taken, or unless the council consents to the institution of the action. *Held*, that the language of the charter covers a cause of action for damages sustained by the negligent acts of the city, and that the circuit court could not get jurisdiction thereof except by appeal.
2. Plaintiff's action was for damages which had resulted from the defective construction of a street, whereby his land was flooded. The complaint failed to allege the presentation of his claim to the common council. *Held*, that a general demurrer was properly sustained, such claim coming directly within the provisions of said charter, and its presentation to the common council being a condition precedent necessary to be alleged. Remarks in *Davis v. Appleton*, 109 Wis. 580, to the effect that such charter provisions are in the nature of statutes of limitation, overruled.

APPEAL from an order of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This is an appeal from an order sustaining a demurrer to the amended complaint, alleging, in effect, that during the times mentioned the plaintiff was the owner of the lands described; that the Embarrass river flows in a southerly course between such lands of the plaintiff, and empties during its low-water stage into the Wolf river, in the lumber yard described, in the city of *New London;* that the lands of the plaintiff lie north and west of the lumber yard, and are all within the limits of the city; that a portion of the plaintiff's lands is low bottom land; that the Embarrass river frequently overflows its banks, and from time immemorial it has been the natural course of the overflow water of said river to pass over said lands west beyond the highway thereinafter described, and thence empty into the Wolf river, in the town of Mukwa; that in all times of high water, or whenever the waters of the river overflow its banks, the course of the water is over said bottom lands of the plaintiff, and the same is the water course of the river; that for many years the city has maintained a street or highway bordering the low lands of the plaintiff, known as "Shawano road," for a considerable distance in the city, which highway had been graded a considerable height, and two bridges or culverts for the overflow water to pass had been built, kept, and maintained all that time by the city through the said highway, so that the overflow water would pass over said lands quickly, and said lands would drain off and dry up, and the same would be suitable for crops each year; that nineteen acres of the said lands were planted to corn during 1900; that during 1899, the plaintiff built a dwelling house on a portion of the lands lying east of the highway, and fitted the lands for a home and for his business, at a cost of about $1,000; that the defendant, by its officers, agents, and servants, while

repairing the said highway known as "Shawano road," in said city, in the fall of 1899, disregarding the rights of the plaintiff in the outlet for the overflow waters of the river, wantonly, negligently, and unskillfully removed the longest of the bridges or culverts, being an outlet for said overflow waters, of about thirty feet in length, and filled the same in with earth, without providing other bridges, culverts, or sewers for the said overflow waters, and thereby obstructed the said waters in their natural course over the low lands of the plaintiff; that in the fall of 1900 the Embarrass river overflowed its banks, and solely in consequence of the removal of the said bridge or culvert on "Shawano road," and the lowering and narrowing of a bridge by the defendant in the lumber yard theretofore, said waters were obstructed and caused to flow back upon the lands of the plaintiff, and submerge all the lands of the plaintiff so described, including his dwelling house, and there to remain for want of sufficient outlet through "Shawano road," so that the same remained upon the lands of the plaintiff, submerging his dwelling house for many weeks, thereby ruining his crops and rendering his property of no value for the purpose intended, and that so long as the defendant maintains such highway without providing suitable bridges, culverts, or sewers for such overflow waters to pass, the said lands will be of no value for any purpose; that, by reason of the acts complained of, the plaintiff had sustained $1,500 damages, for which he demands judgment.

*F. C. Weed,* for the appellant.

*F. J. Feeney,* for the respondent.

CASSODAY, C. J.    The charter of the city provides, in effect, that the common council shall have power to audit, adjust, and allow all claims and demands of every nature against the city, except such claims or demands as are pay-

able out of the school fund; and no action shall be maintained by any person against the city upon any claim or demand mentioned in the preceding section, other than a city bond or order, *unless such person shall first have presented such claim or demand to the common council of the city.* The determination of the common council disallowing, in whole or in part, any such claim or demand, shall be final and conclusive, and a perpetual bar to any action in any court founded on such claim or demand, unless an appeal shall be taken from the decision and determination of such common council as thereinafter provided, or unless such common council shall consent and agree to the institution and maintenance of an action by such claimant against the city, or refuse or neglect to act upon any such claim or demand duly presented to them.   Secs. 1, 2, subch. IX, ch. 162, Laws of 1877.   The language of the charter, thus stated, is certainly broad enough to cover, and does cover, the claim for damages alleged in this action.   *Koch v. Ashland,* 83 Wis. 361; *Van Frachen v. Ft. Howard,* 88 Wis. 570; *Steltz v. Wausau,* 88 Wis. 618; *Flieth v. Wausau,* 93 Wis. 446; *McCue v. Waupun,* 96 Wis. 625; *Morgan v. Rhinelander,* 105 Wis. 138.   Under such charter provisions, this court has repeatedly held, in respect to claims covered by them, that the circuit court could not get jurisdiction, except by appeal from the action of the common council.   In addition to the cases cited, see *Telford v. Ashland,* 100 Wis. 238; where *Sheel v. Appleton,* 49 Wis. 125, is expressly overruled. *Seegar v. Ashland,* 101 Wis. 515; *Morgan v. Rhinelander, supra; Oshkosh W. W. Co. v. Oshkosh,* 106 Wis. 83.   Counsel contends that as the right of action alleged was not created by statute, but existed at common law, the charter provisions in question must not be regarded as prescribing a condition precedent, but merely as in the nature of a statute of limitation, and hence can only be reached by demurrer, as prescribed by subd. 7, sec. 2649, Stats. 1898.   In support of

such contention, counsel cite *Meisenheimer v. Kellogg,* 106 Wis. 30, 33, and *Davis v. Appleton,* 109 Wis. 580. The first of these cases arose under subd. 5, sec. 4222, Stats. 1898, which is prescribed as a statute of limitation, and is contained in the chapter upon the limitation of actions. In that case the distinction pointed out in *Relyea v. Tomahawk P. & P. Co.* 102 Wis. 301, was observed; and two cases aris- ing under sec. 1816*b*, Stats. 1898, in which such distinction was overlooked, were expressly overruled. *Weed & G. Mfg. Co. v. Whitcomb,* 101 Wis. 226; *Ryan v. C. & N. W. R. Co.* 101 Wis. 506. Such distinction has been observed in other cases. *Gatzow v. Buening,* 106 Wis. 1; *Malloy v. C. & N. W. R. Co.* 109 Wis. 29; *O'Connor v. Fond du Lac,* 109 Wis. 253. The distinction between such mere statutes of limita- tion upon an existing right of action, and a condition pre- cedent to a right of action created by statute, is manifest. So there is a broad distinction between such statutes of lim- itation upon an existing right of action given by the common law, and a statute prescribing a mode of procedure as a con- dition precedent to maintaining such right of action in a court of justice, as in the charter provisions in the case at bar. The claim of the plaintiff for $1,500 damages in this action came directly within the provisions of the charter men- tioned. As indicated, the charter expressly prohibited the maintenance of any action upon the claim or demand unless first presented to the common council, and then only by appeal, as therein prescribed. Such presentation being a condition precedent to the jurisdiction of the court, and as the record fails to show any such presentation, the demurrer was properly sustained. The case of *Davis v. Appleton,* 109 Wis. 580, relied upon by counsel, was an action to restrain the city from erecting a water tank on land claimed by the plaintiff; and it was properly held that such an action, for equitable relief only, did not come within the charter pro- visions of that city, which were similar to the charter pro-

visions here in question. What was there said in respect to such charter provisions being in the nature of statutes of limitation must be regarded as overruled.

*By the Court.*—The order of the circuit court is affirmed.