MORRISON, Appellant, vs. CITY OF EAU CLAIRE, Respondent.

*October 23—November 11, 1902.*

*Municipal corporations: Actions: Jurisdiction: Filing claims: Appeal from disallowance: Injury from defective sidewalk: Statutory liability: Conditions precedent: Pleading: Constitutional law: Construction of statutes: Repeal by implication.*

1. The Eau. Claire city charter provides that all claims and demands against the city shall be presented for action thereon by the council, and that no suit shall be brought against the city otherwise than by appeal as therein prescribed to the circuit court from disallowance of the claim by the council. *Held,* that such presentation and appeal are essential conditions of the jurisdiction of the court over the subject matter of any claim of the character required to be presented. *Davis v. Appleton,* 109 Wis. 580, distinguished.

2. Failure of a city to remove from an otherwise sufficient sidewalk a pile of rubbish, not originally placed there by its act or consent, is but a failure to perform its statutory duty to keep the highway reasonably safe for travel, and does not give rise to any common-law liability—as for the maintenance of a nuisance—for injuries resulting therefrom to a traveler on the walk.

3. In an action for injuries so resulting, a complaint which does not allege that plaintiff complied with the requirements of the city charter by filing his claim and taking an appeal from its disallowance, fails to state a cause of action,—such steps being conditions of the right to damages and of the city's liability therefor.

4. Upon rights or privileges existing only by virtue of legislative grant, the legislature may impose terms and conditions. in its discretion. Thus, it may provide in a city charter, as conditions of the right to recover damages for injuries caused by a defective street, that a claim therefor shall be presented to the council and, in case of its disallowance, an appeal taken, with bond for costs, etc.

5. Such charter provisions are not void merely because they do not provide specially a scheme of practice for joinder of issue and trial on the merits.

6. The first section of a city charter, creating the municipal corporation with general powers, including the power to sue and be sued, does not control, but is controlled and limited by, a subsequent provision in the charter declaring that upon. cer-

tain classes of claims and demands the city shall be sued only
on specified conditions and in a specified manner.

7. The provisions of a city charter that no action to recover for
injuries from defective streets shall be brought against the city
otherwise than by presentation of the claim to the council and
appeal from the disallowance thereof, are not repealed *in toto*
by implication by ch. 471, Laws of 1889 (permitting joinder in
such cases of cities and others primarily liable), but remain
applicable, at least, to proceedings against the city where no
other liability is asserted and no joinder attempted.

APPEAL from an order of the circuit court for Eau Claire
county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Appeal from order sustaining demurrer to complaint which
alleges injury to the plaintiff on the 8th day of March, 1901,
from a pile of débris which had accumulated across a per-
fectly good sidewalk. Said débris, consisting of stone, brick,
cement, and ice, had been allowed to remain for a period of
about a month prior to the injury, which is alleged by the
complaint to have constituted an insufficiency and obstruc-
tion and a dangerous place upon said sidewalk. The com-
plaint alleges notice of the injury to the city on the 18th day
of March; that on June 22d he filed a certain paper describ-
ing his accident and his injuries, but declaring that it was
not filed as a formal claim under any provision of the charter,
but merely to enable a settlement without litigation; that on
July 17, 1901, the council passed a resolution wholly disal-
lowing plaintiff's claim; that plaintiff has at all times been
without means or property to procure a bond for costs to
enable him to appeal from the disallowance of the claim in
the manner provided by the charter of the defendant city.
The action was commenced by summons and complaint.

The grounds of demurrer were—first, that the complaint
does not state facts sufficient to constitute a cause of action;
second, that the court had no jurisdiction either of the person
of the defendant or of the subject of the action; third, that
plaintiff has not legal capacity to sue, for the reason that the
charter prohibits suit, and authorizes in lieu thereof an ap-

peal to the circuit court; and, fourth, that the action was not commenced within the time limited by law, namely, the Eau Claire charter, specifying secs. 22, 23, 24, 25, and 26 of subch. VII, of that act (viz., ch. 184, Laws of 1889). The order sustaining the demurrer does not declare which ground of demurrer is sustained, but certain of its recitations indicate as principal ground the noncompliance with the special provisions of the sections of the city charter above enumerated.

The charter of the city of Eau Claire, by secs. 22–25, subch. VII, substantially requires that all claims and demands, either *ex contractu* or *ex delicto*, against the city, shall be first filed with the city clerk for action by the common council, and provides, in case of disallowance or failure to act, which is made tantamount to disallowance, for appeal to the circuit court within twenty days; such appeal to be taken by giving a notice, accompanied by a bond with sufficient surety, conditioned for the faithful prosecution of the appeal and payment of all costs adjudged against the appellant. Said sections also provide that no suit shall be otherwise brought, and that the determination of the common council shall be final and conclusive, and a perpetual bar to any action in any court founded on such claim, except by said method of appeal. Sec. 26 of the same charter further provides that the city shall not be liable, nor shall any action be maintained against it, for any, damages or claims founded upon any injury. caused by reason of any defects or any insufficiency or want of repair of any bridge, sluiceway, road, sidewalk, or street in said city, unless the same be commenced by filing the claim with the city clerk within ninety days from the time of the accident.

For the appellant there were briefs by *H. H. Hayden,* attorney, and *H. B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

*James Wickham,* for the respondent.

DODGE, J. The first question in natural sequence is whether the circuit court had any jurisdiction over plaintiff's demand, it not having been filed with the city clerk nor brought into court by appeal. It would seem that this question has been answered beyond further debate by a line of cases in this court reaching from *Koch v. Ashland,* 83 Wis. 361, 53 N. W. 674, up to one of its very latest utterances. Those cases are *Mason v. Ashland,* 98 Wis. 540, 74 N. W. 357; *Telford v. Ashland,* 100 Wis. 238, 75 N. W. 1006; *Seegar v. Ashland,* 101 Wis. 515, 77 N. W. 880; *Morgan v. Rhinelander,* 105 Wis. 138, 81 N. W. 132; *Oshkosh W. W. Co. v. Oshkosh,* 106 Wis. 83, 81 N. W. 1040; *Miller v. Crawford Co.* 106 Wis. 210, 82 N. W. 175; *Oshkosh W. W. Co. v. Oshkosh,* 109 Wis. 208, 85 N. W. 376; *O'Donnell v. New London,* 113 Wis. 292, 89 N. W. 511. In all those cases it is held that charters similar in general effect to that before us, including the general city charter, make procedure by presentation to the council and appeal therefrom to the circuit court, by steps in such statutes prescribed, essentials of jurisdiction over the subject matter of any claim of the character required to be presented. The remark in *Davis v. Appleton,* 109 Wis. 580, 85 N. W. 515, that a charter provision, differing in some respects at least from that now before us, was to be deemed only a statute of limitation, was made, not with reference to a claim required to be presented before the council, but in an action for an injunction against the erection of an unlawful structure by the city upon plaintiff's lands. If the language of that case might be construed as applicable to attempted suits upon claims against the city based on liability created by statute, it was purely *obiter,* and cannot overcome the direct authorities above cited. Under these decisions there can be no doubt that the demurrer, being founded, as one of its grounds, upon the want of jurisdiction, was properly sustained, if the legislation embodied in ch. 184, Laws of 1889, known as the "Eau Claire charter," be

valid,—a question which may be considered later. This view is in no wise inconsistent with the further holding by this court that in actions against cities not founded upon any common-law right, but upon rights created and existing only by statute, such steps by way of presentation of claim and appeal from disallowance are essential elements and conditions of the existence of the cause of action as well, so that they, or many of them, are raised by a demurrer asserting merely insufficiency of facts. They may be both conditions of the court's jurisdiction and of the existence of any right of action in the plaintiff.

2. The next question in logical sequence is whether the complaint states facts sufficient to constitute a cause of action. Were we to take the appellant at his word, and assume, as he asserts, that the complaint does not state any cause of action created by sec. 1339, Stats. 1898, for an insufficiency or want of repair in any street, a negative answer to this inquiry would be readily reached. Certainly no other cause of action is stated. Appellant's contention is that he has attempted to bring suit for damages resulting from the maintenance of a nuisance by the city, because his injury results from the presence of an unlawful extraneous substance in the street not any part of it, namely, a pile of mortar and bricks or other débris, but he does not charge the city with any responsibility, either by act or consent, for such substance being placed there originally. He contents himself with asserting its presence, and the city's failure to remove it from the street. This is no more than an omission of the city's statutory duty to keep the highway within its limits reasonably safe for travel thereon, obviously a governmental function performed on behalf of the state at large, from which the municipality derives no pecuniary benefit. From such omission, but for express statute, arises no right of action in favor of one toward whom this mere governmental duty is owed, such as a traveler. *Stilling v. Thorp*, 54 Wis. 528, 532, 11

N. W. 906; *McLimans v. Lancaster,* 63 Wis. 596, 600, 23 N. W. 689; *Reed v. Madison,* 83 Wis. 171, 177, 53 N. W. 547; *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553; *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420. Counsel, with not very wise expenditure of industry, has collected numerous decisions by other courts, notably of the United States, tending to a different view. These can hardly have weight, however, against the fully established rule in this state as to the character and liabilities of municipal corporations created by the legislature of Wisconsin under our own constitution. Such alien decisions distinguishing cities and villages from towns and counties with reference to their common-law liability to suit for neglect of duty to maintain safe highways have long since been fully weighed by this court, and have been repudiated in favor of the contrary view maintained in Massachusetts, whence we in so large measure took our highway laws. *Daniels v. Racine, supra.*

Upon the text that a pile of rubbish in a street is an obstruction and therefore a nuisance for which liability rests on the city at common law, appellant cites, with much verbosity of quotation, an array of decisions which, on examination, prove to be without relevancy. Thus, in *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407, a roller left in the street by the city was held a nuisance for which liability existed. That case, with *Little v. Madison,* 42 Wis. 643, where was express license to place wild-animal exhibit in street, are illustrations of city's liability to the traveler for creating nuisances in the street, not as a part thereof, nor in process of performing, though improperly, its duty of making or maintaining the street. They present instances of the doing of unlawful acts, and are distinguished from improper or negligent doing of the lawful act of constructing the highway, by such cases as *Kollock v. Madison,* 84 Wis. 458, 464, 54 N. W. 725; *Hein v. Fairchild,* 87 Wis. 258, 58 N. W. 413; and *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164,

—in all of which the city's liability rested wholly on the statute (sec. 1339, Stats. 1898), although the defect consisted in one case of a rope stretched across, in another of a dangerous excavation, and in the third of an improperly or negligently constructed manhole cover, all put in place by the city, but in the course of street work. The principle of the roller and bear-show cases is still better illustrated by *Neuert v. Boston,* 120 Mass. 338, where the city, in performing its governmental duty of operating a fire department, had safely maintained a telegraph wire across the street, supported on one side by a building belonging to the city. In removing this building, the city, acting as owner, loosened the wire and lowered it, so as to endanger and injure a traveler. The municipality was held liable because in creating this perilous condition it was not exercising its governmental function, either in maintaining streets or operating fire department. All such cases are obviously irrelevant, however, to that at bar, in that there the city affirmatively created the nuisance, while here nothing of the sort is charged.

Another class of cases urged is illustrated by *Winchell v. Waukesha,* 110 Wis. 101, 85 N. W. 668, and *O'Donnell v. New London,* 113 Wis. 292, 89 N. W. 511; in the latter of which liability of the city to an adjoining property owner from such construction of a highway as to obstruct a water course was assumed, and in the former the city was declared liable to the same remedies as an individual for polluting a stream with sewage, to damage of lower riparian owner. These cases mark a distinction noted in *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420, namely, that, while a municipality is not to be held liable for damages resulting from mere performance of governmental functions, such exemption applies only against those toward whom the act is governmental, not against those toward whom the city's attitude and relation is that of a proprietor. Obviously, while a municipality is performing a function of general state government

in making highways, erecting and maintaining schoolhouses, and constructing sewer systems and the like, it also becomes an owner of property in so doing, and it is bound to govern its management of such property by substantially the same rules as other proprietors similarly situated. The adjoining landowner has the same rights to lateral support for his soil, to the uninterrupted flow of any watercourse, as if his neighbor were a private individual, and in respect to such rights a city's attitude is that of a proprietor, and not merely governmental. Toward such persons the city does an unlawful act when it dams a watercourse by a highway, constructs a sewer so as to empty onto them, or excavates away their lateral support. It does not merely do a lawful thing in an improper or negligent manner, as distinguished in *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164. In the case at bar, of course, the relation of the defendant to plaintiff was purely governmental. He was a traveler using the highway facilities which the city, as a branch of the state government, was required to provide.

Another copious collection of cases are cited to sustain the proposition that the city is liable for an injury resulting from the presence of extraneous matter in the street, constituting what appellant is pleased to declare an obstruction, and not a mere insufficiency or want of repair. Such cases cited, and similar ones which might have been, are *Barstow v. Berlin,* 34 Wis. 357; *Prideaux v. Mineral Point,* 43 Wis. 513; *Raymond v. Sheboygan,* 70 Wis. 318, 35 N. W. 540; *Kollock v. Madison,* 84 Wis. 458, 464, 54 N. W. 725; *Cairncross v. Pewaukee,* 86 Wis. 181, 56 N. W. 648; *Hein v. Fairchild,* 87 Wis. 258, 58 N. W. 413; *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164. That these cases declare the liability of a municipality for injuries resulting from such "obstructions" is unquestionable, but not that such liability rests on it by common law. Examination of all of them will

leave no room for doubt that what they in fact decide, albeit not always expressly, is that in sec. 1339 the words, "insufficiency or want of repair," are not used in so restrictive a sense as to include only inadequacy of original construction and subsequent deterioration, but also include such obstacles and defects as render the use of the highway dangerous to one exercising ordinary care, provided, of course, the municipality has notice of defect and opportunity to remove the same, and, as a result of such construction, that liability is imposed by that statute.

Thus we are brought to consider whether a cause of action is stated under the statutes of this state. No serious question is raised but that the complaint alleges conduct of the city out of which a cause of action might develop. The allowance of a dangerous condition of its street, after notice, and plaintiff's injury by reason thereof, sufficiently appear to arouse defendant's liability under sec. 1339, and the notice of such injury required by that section was duly given. The complaint, however, fails to allege either that plaintiff has complied with sec. 22, subch. VII, of the Eau Claire charter, by filing any claim with the city clerk and taking appeal in statutory manner from disallowance, and it of course further fails to show compliance with the requirement of sec. 26, subch. VII, that such claim be filed within ninety days after the injury. That such steps constitute conditions imposed by the legislature upon the right to damages which it grants, and upon the municipal liability which it creates, is now too well settled as the law of this state to leave room for further debate. *Watson v. Appleton,* 62 Wis. 267, 22 N. W. 475; *Koch v. Ashland,* 83 Wis. 361, 53 N. W. 674; *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553; *Schaefer v. Fond du Lac,* 99 Wis. 333, 340, 74 N. W. 810; *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164; *Harris v. Fond du Lac,* 104 Wis. 44, 80 N. W. 66. Under such weight of authority it cannot be doubted that there is failure of facts sufficient to constitute

cause of action, because the claim has not been filed with the
city clerk at all, as required by said sec. 22, and it is imma-
terial whether the further requirement of sec. 26, that it be
filed within ninety days after the injury, is valid or not,—
a question discussed at much length by appellant.

Appellant, however, attacks *en masse* and in detail the con-
stitutional validity of the whole charter scheme of excluding
a claimant against Eau Claire from original suit by ordinary
procedure in the courts of the state, and requiring him to
reach such forum through the medium of presentation to city
council and appeal from their decision, hampered by various
restrictions, including unlimited bond for costs. A discussion
of such questions in the present case would, however, be
purely academic and inconclusive. If it were to be conceded
that the constitution, either state or federal, restricted the
legislative discretion over remedies for rights which exist in-
dependently of statute, no such limitation rests upon the dis-
cretion to impose terms and conditions upon rights or priv-
ileges existing only by virtue of legislative grant. As the
legislature might withhold entirely both the right to dam-
ages and the right of action in court therefor it may surely
withhold it in part by imposing conditions.

Counsel for appellant seems to contend that sec. 1, subch.
I, of the Eau Claire charter, which merely creates that com-
munity into a municipal corporation with the general powers
thereof, including that of suing and being sued in any court,
must so dominate sec. 22, subch. VII, declaring that upon
certain classes of claims and demands it shall be sued only
on specified conditions and in a specified manner, that the
latter can have no effect at all. This contention substantially
reverses all rules of construction. It convicts the legislature
of enacting all the elaborate detail of secs. 22–26, subch.
VII, for no purpose and with no intent that they should be
of any force; it gives to the general preponderance over
special provisions, and it subordinates the later declarations

to the earlier. We cannot adopt this view. Secs. 22-26, subch. VII, were enacted for some purpose, and must be given effect, according to their words, within the special field of claims to which they apply, to control and limit sec. 1, subch. I.

Further objection is urged against these charter provisions that they provide no scheme of practice by which issue can be joined and trial of merits had. This may be unfortunate for the claimant if true, but its result is not to render invalid the legislative denial of right to sue in any other form. Counsel's apprehensions may be soothed, however, by the consideration that large numbers of such cases, under generally similar charter provisions, have reached issue, trial, judgment, and payment, and, if a legislative purpose is apparent to give claimants a right to such results, our courts may be trusted to find means thereto.

Again, it is contended that ch. 471, Laws of 1889, permitting joinder of cities with others primarily liable for highway injuries, is in some features repugnant to these charter provisions, and therefore repeals them entirely. If irreconcilable repugnancy exists, it may become the duty of the courts to decide which of these statutes controls, when a case arises presenting them in conflict. That can hardly be, however, until in some case of attempted joinder, of which we have nothing before us at present. We certainly discover no necessary purpose in ch. 471 to repeal the charter provisions *in toto,* and, in absence of that clear intention, repeal by implication can be indulged only so far as unavoidable. It is clear that ch. 471, providing for cases of joinder where others are liable, does not necessarily destroy the charter provisions in their application to a case like this, where no other liability is asserted and no joinder is attempted.

We find nothing else in the voluminous brief of appellant requiring discussion, or which tends to defeat the conclusions already reached, that the failure to file plaintiff's claim for

consideration by the city council, and to come into court by the process of appeal, are fatal alike to the jurisdiction of the court over the subject matter of his demand and to the existence of any cause of action in his favor against the defendant. Such conclusions being finally fatal to the complaint upon the demurrer, it follows that the order sustaining the demurrer was correct.

*By the Court.*—Order appealed from is affirmed.